SARAH A. CURTIS

v.

IDA G. WILLIAMS.

*Jurisdiction—Appeal from Interlocutory Order—Stay of Proceedings
—Act of June 14, 1887.*

1.  This court has no jurisdiction of an appeal from an order staying
proceedings on an original bill, until the issues should be made upon a cross-
bill, and until the further order of the court.

2.  Such an order is not an injunction within the meaning of the Act of
June 14, 1887.

[Opinion filed September 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. CASE, JUDSON, HOGAN & BRADLEY and ELA & GROVER, for appellee.

GARNETT, J.    An original bill to foreclose a trust deed was filed by appellant against appellees January 20, 1888, in the Superior Court of Cook County, and the issues being made up, was referred to the master, who, having taken proofs, was about ready to make his report, when the stay order hereinafter referred to was entered.    On April 5, 1888, Ida G. Williams filed her cross-bill in the cause, and on May 16th, her amended cross-bill, against Sarah A. Curtis and the other defendants, making also a new party defendant, Margaret A. Humble, and praying therein, among other things, that said Curtis and Humble might interplead, and that their several claims to the notes secured by the trust deed might be adjusted and settled.    On application of complainant in the cross-bill, the court, by its order entered June 6, 1888, stayed all proceedings on the original bill until all the issues should be made up on the cross-bill, and until the further order of the court.    The reversal of that order is the object of the appeal.    We are clearly of the opinion there is no statute in force which sanctions an appeal from such an order.    It is not an injunction within the meaning of the act entitled "An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers," approved June 14, 1887, in force July 1, 1887. We have no disposition to enlarge the extraordinary privileges granted by that act.    By no fair construction can it be held to extend to those customary orders resting in the discretion of the court, by which the successive steps in a cause are timed, and its progress is shaped, until the final decree.    The effect of the order in question might have been secured with-

out any entry on the record. The court may, in its discretion, refuse to hear the issues on the original bill until the cross-bill is ready for hearing. The act vests this court with no such supervisory jurisdiction as this appeal imputes to it.

The appeal is dismissed for want of jurisdiction.

*Appeal dismissed.*