## Manufacturers Paper Company et al. v. Robert Lindblom et al.

1. Bills of Review—*Filing Without Leave of Court—Performance of the Original Decree.*—The defendants to a bill of review, by appearing and demurring to the bill, waive their right to claim that the bill was irregularly filed without leave of court, and that the performance of the original bill was not alleged. To raise either of such objections, they should, upon their first appearance, move the court to strike the bill from the files or to dismiss the suit.

2. Same—*And Bills in the Nature of Bills of Review—Joinder of.*— A bill in equity may properly possess the characteristics both of a bill of review and of a bill in the nature of a bill of review. The purpose of such a bill, a review and reversal of a former decree, may be considered, irrespective of whether it be in name of one kind or the other, or par-

taking of the qualities of both. In this country it is a matter of little consequence what a bill is called.

3. SAME—*Restraining Orders.*—Where a bill is filed to review a decree for the payment of money, no stay of proceeding against the original decree should be granted, unless the money thereby ordered to be paid shall be brought into court to abide the result of the bill of review, or security be given for the performance of the original decree in case the bill of review be dismissed.

4. SAME—*Restraints upon the Enforcement of the Original Decree.*—It is improper to issue an injunction restraining proceeding under a decree upon the filing of a bill to review such decree; an order, staying proceedings on the decree until the hearing should be asked for, and if granted, is as effectual as an injunction and in accordance with proper practice upon bills of review.

5. LACHES—*As a Bar to an Injunction.*—For a party to a suit having notice, though irregular, that his demurrer would be called up on a certain day, to pay no attention to the notice nor to the order entered in pursuance of it, nor to any subsequent proceedings in the suit, nor to a decree entered therein until two years after the date of such notice, is such a showing of *laches* on his part as will prevent the issuance of an injunction restraining proceedings under the decree while a bill of review stands for hearing.

6. SAME—*As a Bar to a Bill of Review.*—*Laches* constitutes no bar to a pure bill of review brought within five years for error apparent upon the record; but where the ground for relief is newly discovered matter, or material facts which have occurred subsequently to the decree, then the question of *laches* in bringing forward such matters may, and should, be considered before the propriety of the decree is investigated.

**Bill of Review.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Reversed with directions. Opinion filed January 21, 1897.

DEFREES, BRACE & RITTER, attorneys for appellants.

JOHN S. COOK and H. T. HELM, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order of injunction, granted upon a bill filed by the appellees.

The bill was to vacate and set aside a decree of the Circuit Court against the appellees in a cause wherein the appellants were complainants.

The grounds upon which the decree in the original suit is attacked are alleged error on the face of the decree, and because of the overruling of appellees' demurrer to the bill on which that decree is based, contrary to the rules of the Circuit Court, resulting in the final decree that is sought to be reviewed.

The rule of court claimed to have been violated was one that required calendars of contested motions to be made up on Friday of each week for the following Monday; and that notice of the placing of such motions upon such calendar must be served upon the opposing solicitors before four o'clock in the afternoon of the preceding Thursday, and must be delivered, with proof or acceptance of the service thereof, to the minute clerk of the court before two o'clock in the afternoon of such Friday.

It is alleged that no proper or sufficient notice, under said rule, was given to the appellees that their demurrer to the original bill would be called up for disposition on the day it was, in fact, disposed of; that the notice in that regard was served on Saturday, June 9, 1894, and that said demurrer was called up and overruled on Monday, June 11, 1894.

It is further alleged that on Friday, June 8, 1894, and Saturday, June 9, 1894, it was announced in the Chicago Daily Law Bulletin that the judge before whom said notice stated that said demurrer would be called up would, on said Monday, June 11, 1894, begin a general call of his docket, and that his contested motion calendar for said day would be continued for one week; that by an order of said Circuit Court, theretofore entered, it was provided that announcements of calls of court made in said paper would be "deemed sufficient to parties and their attorneys," and that it was customary to rely upon such announcements by both courts and counsel, and that "if any notice was or had been given to them to the effect that said demurrer would be called up for hearing on said day, said solicitors each regarded said special notification as superseded by the announcement contained in said Bulletin," and relied upon it, etc.; and that, in violation of such rule, the Circuit Court

permitted such demurrer to be called up and overruled without the knowledge of appellees or their solicitors, and it is alleged that neither the appellees nor their solicitors had any knowledge of the overruling of said demurrer, and of the subsequent proceedings in said cause, including the final decree therein, until on or about June 1, 1896; and it is charged that such proceedings constituted a fraud upon the appellees, for which they were entitled to relief by way of an injunction, which they obtained, against the enforcement of the original decree, and from the order granting which this appeal comes.

To the bill the appellants filed their general demurrer, which was overruled, and appellants were ruled to plead or answer within ten days, and, six days afterward, the injunction complained of was ordered.

The appellants, by appearing and demurring to the bill, waived their right to raise the question that the bill was irregularly filed without leave of court, and also the argued question, that performance of the decree was not alleged. By so demurring, they admitted that the bill was properly in court, and could not afterward raise an objection to the right of appellees to file the bill, or that performance was not alleged.

To raise either of such objections, the appellants, upon their first appearance, should have moved the court to strike the bill from the files, or to dismiss the suit. Griggs v. Gear, 3 Gilm. 2; Bruschke v. North Chicago Schuetzen Verein, 145 Ill. 433.

The two cited cases are instructive upon the proper practice to be pursued upon bills which have for their purpose the reviewing of a former decree, whether by a bill of review, or a bill in the nature of a bill of review, or a bill to impeach a former decree for fraud, by whatever name they may be called, and upon bills partaking of the several characteristics of each of such. See, also, Elliott v. Balcom, 11 Gray, 286.

The appellants expend considerable argument upon whether the bill in this case is a bill of review, or one in the

nature of a bill of review, which we will not pursue. Probably the bill possesses the characteristics of both kinds of bills, and it may properly do so. Once properly in court, and all questions as to that being waived, as we have stated, the purpose of the bill, viz., a review and reversal of the former decree may be considered, irrespective of whether, in strictness, it be, in name, of one kind or the other, or partaking of both. In this country, it is a matter of little consequence what the bill is called, though important in England.

The only assigned error is the improvidence of the order granting an injunction against the appellants and the sheriff from enforcing the execution issued upon the decree sought to be reviewed, or in any other way attempting to collect or make the decree out of the appellees.

We are clear that the injunction order ought not to have been made.

The bill does not ask for a temporary injunction, but only for one upon final hearing, but if it did, injunction, as such, is not the proper interlocutory order in such cases.

An order staying proceedings on the decree until the hearing should have been applied for, and if granted, it would have been as effectual as an injunction, and in conformity with proper practice upon bills of review.

We do not find much precedent for the practice, but such was the motion made in Williams v. Mellish, 1 Vernon, 117, and the course pursued in Burch v. Scott, 1 Bland's Ch. Rep. (Md.) 112, and in our observation, is the usual one, although such orders, being interlocutory, do not often get into the reports. Analogous instances may frequently be seen at the circuit of staying proceedings upon original bills until cross-bills may be heard, one case of which may be found in Curtis v. Williams, 27 Ill. App. 311. Upon the filing of a bill of review the original case is brought into that one, and the question being whether the decree be reversed or not, such decree, for the time being and until the bill of review can be heard, stands subject to the control of the court. Hence the orderly practice is, upon proper

terms, to stay proceedings under such decree, instead of resorting to the extraordinary writ of injunction.

Instances may have occurred, but we have been cited to none, where the practice of granting an injunction under such circumstances has been followed, and, in the absence of precedent for such a practice, we are not inclined to broaden the field of usefulness of that much abused writ. Furthermore, the *laches* of appellees ought to be regarded as sufficient to bar him of relief by injunction. No matter how irregular the notice was that the demurrer would be called up on June 11, 1894, it is not claimed that no notice thereof was given.

When a party is once properly in court he is presumed to be always present, and to be cognizant of every step taken in his case until it is ended, unless for reasons that do not here exist. Berkson v. The People, 51 Ill. App. 102.

Now, for a party to a suit having notice, though irregular, that his demurrer would be called up on a certain day, to pay no attention to the notice nor to the order entered in pursuance of it, nor to any subsequent proceedings in the suit that ripened into a decree against him twenty-one months later, and to pay no attention to the decree itself until three months after it was entered, making in all an absolute neglect of his case for two years—lacking eleven days—and then ask for an injunction restraining proceedings upon the decree while his bill of review stands for hearing, is such a showing of *laches* on his part as does not appeal strongly to a court in which rests the discretion of granting such an order; and on that ground, as well as on the other one stated, the injunction should not have been granted.

It would seem that the Circuit Court, by overruling appellant's demurrer to the bill of review, must have considered the bill as making, on its face, a sufficient showing for a review of the former decree, and what we have said concerning the *laches* of appellees has no reference to the bill, considered simply as a bill of review, but only to the granting of the extraordinary remedy of injunction.

We understand that *laches* constitues no bar to a pure bill of review brought within five years for error apparent upon the record. Wellington v. Heermans, 110 Ill. 564; Pestel v. Primm, 109 Ill. 353; Bell v. Johnson, 111 Ill. 374; Chicago Building Society v. Haas, 111 Ill. 176.

But where the ground of relief is newly discovered matter, or material facts which have occurred subsequent to the decree, or fraud practiced in obtaining the decree, then the question of *laches* in bringing forward such matters may well be considered, and should be inquired into before the propriety of the decree may be investigated. Burch v. Scott, 1 Gill & Johns. 393 (p. 425); Banks v. Long, 79 Ala. 319.

If the Circuit Court shall see fit to stay proceedings upon the former decree until the bill of review may be heard, and shall make a final decree thereon, according to its sense of law and justice, it will be soon enough for us to express an opinion on the law and merits of the original case, when, if ever, we are asked upon appeal from such final decree to do so.

But, the original decree being for the payment of money, we are of opinion no stay of proceedings, by way of restraining order against the original decree, should be granted, except the money thereby decreed to be paid shall be paid, or be brought into court to abide the result of the bill of review, or security be given for the performance of the original decree in case the bill of review be dismissed.

Such seems to be the authorized practice in cases of decrees for the payment of money (Griggs v. Gear, 3 Gil. 2; Horner v. Zimmerman, 45 Ill. 14; Burch v. Scott, 1 Bland (Md.), 112; same case in 1 Gil. & Johns. 393 (reversed upon another point); Livingston v. Hubbs, 3 Johns. Ch. Rep. 124; Wiser v. Blachly, 2 Johns. Ch. 488), and it seems to be founded in reason.

It does not seem as though a party, by filing a bill of review, should be put in a better position if he obtains a stay of proceedings than he would be in if he sued out a writ of error. No supersedeas would be granted upon a

writ of error without a bond to pay the decree, if affirmed. And a bill for review of a decree for payment of money ought not to be permitted to be a mere instrument for delay and vexation and for protracting litigation without, at least, a good bond.

The order now is, simply, that the order appealed from be reversed, with directions to the Circuit Court to dissolve the injunction.