Peter P. Valente, Plaintiff-Appellant, v. Anthony Maida, Defendant-Appellee, and Allstate Insurance Company, an Illinois Insurance Company, Appellee.

Allstate Insurance Company, an Illinois Insurance Company, Plaintiff-Appellee, v. Anthony Maida, Defendant-Appellee, and Peter P. Valente, Defendant-Appellant.

Gen. Nos. 47,948 and 47,949.

First District, Third Division.

January 29, 1960.

Rehearing denied February 23, 1960.

Released for publication March 4, 1960.

Wolfberg and Kroll, and Harry G. Fins, all of Chicago, for appellant.

Vogel and Vogel, of Chicago (Robert B. Johnstone, of counsel) for Allstate Insurance Company, appellee.

JUSTICE BURKE delivered the opinion of the court.

On January 25, 1959, Peter P. Valente lost his right eye and suffered facial disfigurement as the result of an automobile collision. On June 25, 1959, he filed an action at law against Anthony Maida, the driver of the automobile. The defendant was served with summons on June 26, 1959. He did not appear or answer and on September 23, 1959, a default was entered against him. On September 25, 1959, a jury returned a verdict against the defendant for $150,000 and on the same day judgment was entered on the verdict. On October 23, 1959, the Allstate Insurance Company, which was not a party to the action, appeared specially and moved to vacate the order of default, verdict and judgment. On the same day plaintiff filed a motion to strike the motion of the insurer. On that day the court granted leave to the insurer to appear specially and to file its motion, to be heard in due course, and directed that "any and all proceedings upon said judgment be stayed until disposition of the question of coverage" in a complaint for a declaratory judgment filed by the insurer against plaintiff and defendant. The court also found that "there is no reason to delay appeal from this order." Plaintiff appeals from the interlocutory order under Section 78

146

of the Civil Practice Act. [Ill Rev Stats 1959, c 110, § 78.]

On September 8, 1959, the insurer filed a separate action for a declaratory judgment and injunction against the parties to the first suit. The summons and a copy of the complaint were handed to Valente on September 21, 1959. On October 19, 1959, Valente filed a motion to strike the complaint for declaratory judgment and injunction. On October 21, 1959, the insurer moved for a temporary injunction. The motion was continued to October 23, 1959. On that day the court entered an order reciting that the matter having come on to be heard on insurer's motion for a preliminary injunction and it appearing to the court that the second case seeks to determine the question of insurance coverage for the occurrence involved in the first case and that proceedings on the judgment should be stayed pending the determination of the issues in the second case, and directed that Valente "refrain from any further action" in the first case pending the rendition of a final "judgment" in the second case. The chancellor also found "that there is no reason to delay appeal from this order." Valente prosecutes an appeal from the interlocutory order under Section 78 of the Civil Practice Act. The appeals have been consolidated for hearing.

The accident occurred at approximately 5:30 in the morning on January 25, 1959. Valente, who is an insurance agent, owned a 1954 Buick automobile on which the insurer had its policy of insurance with limits of $50,000 for a person. Maida and he who were friends for a long time had been out together for pleasure purposes since 4:00 P.M. on the previous day. Maida, who was driving the car at the time of the accident, apparently fell asleep at the wheel and struck cars parked on the south side of Archer Avenue. Valente was taken to a hospital and while there he said

147

he asked his wife to call the insurer. Notice of the accident was given to the insurer sometime later and the insurer through its claim examiner advised both Valente and Maida that it was undertaking an investigation of the occurrence but that its action was not to constitute a waiver of its rights or an admission of any obligations under the policy. The insurer further said it was making a reservation of rights because of failure to comply with the notice provision of the policy.

Shortly after August 20, 1959, the insurer received an envelope containing a copy of the summons and complaint in the first suit postmarked August 20, 1959. On August 28, 1959, the insurer notified both parties to the first suit that it disclaimed responsibility for the occurrence on account of the breach of Section 2 of the conditions of the policy, which provides that if claim is made or suit is brought against the insured, he shall immediately forward to the insurer the demand, notice or summons received by him or his representative. The notice also advised the parties that in view of the circumstances, including the late notice, Condition 8, being the co-operation clause, had also been violated. This notice also disclaimed any responsibility for the defense of the first case. The complaint for declaratory relief filed by the insurer on September 8, 1959, set forth averments as to the facts, including the alleged intoxication of the parties at the time of the occurrence and alleged that a true and genuine controversy existed as to whether the insurer is required to afford Maida a defense and to pay any judgment which might be rendered. In Count II the insurer prayed for a temporary injunction restraining Valente from moving for the entry of any order of default or taking any other steps pending an adjudication of the rights of the parties in the declaratory judgment action. Two days after receipt of the

summons in the second case Valente procured the entry of an ex parte order of default in the first case and two days thereafter caused to be entered upon ex parte presentation a verdict and judgment against Maida for $150,000.

■ Valente asserts that the order entered on October 23, 1959, in the first case is an injunctional order and appealable under Section 78 of the Civil Practice Act. The insurer says that the stay order is not an injunctional order and therefore not appealable. Section 78 of the Civil Practice Act permits an appeal from an interlocutory order granting an injunction. The insurer relies on Curtis v. Williams, 27 Ill. App. 311, and Manufacturers Paper Co. v. Lindblom, 68 Ill. App. 539. In the Curtis case the court points out that the effect of the order might have been secured without any entry on the record. In that case no judgment order was in existence and no stay of the enforcement was involved. In the Lindblom case the Appellate Court entertained an appeal from an order restraining the plaintiff from attempting to enforce a decree and directed that the order of the trial court be reversed with instructions to dissolve the injunction. These cases do not support insurer's position. In cases involving the interpretation of a statute providing for the reviewability of interlocutory injunctional orders the Supreme Court of the United States holds that a "stay" order is synonymous with an injunctional order and therefore appealable. Enelow v. New York Life Insurance Co., 293 U. S. 379; Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U. S. 449; Ettelson, et al., v. Metropolitan Insurance Co., 317 U. S. 188. The acceptance of insurer's argument would place a litigant who obtained a "stay" in a better position than a litigant who obtained an "injunction." The courts will look to the substance rather than to the form. We are of the opinion that the "stay" order

149

entered in the first case is an injunctional order and appealable under Section 78 of the Civil Practice Act.

██ The insurer was not a party to the record in the first case. It had no right to intervene in the case. In Hurley v. Finley, 6 Ill.App.2d 23, no answer was filed by the defendants, but thereafter the insurer filed a petition to intervene and sought a declaratory judgment as to its rights and obligations under a policy of insurance issued by it to the defendant Martine, and likewise requested an injunction against the prosecution of the damage suit until judgment could be obtained. The court said (27):

"The intervening company could not have been named in the first instance as a party defendant and a complete determination of the controversy involved in the original suit could have been had without the insurance company as a party. An insurance company is never a necessary or proper party defendant in an action for damages for personal injuries brought against its insured."

The court in denying the insurer's attempt to intervene said (29):

"If matters alleged in the intervening petition are true (which we assume to be true for purposes of this appeal), then intervenor has a remedy afforded to it, as a matter of law. Its defenses may be raised in any subsequent proceeding where the plaintiff with a judgment would seek to collect the proceeds of the policy."

The insurer in the case at bar had no standing in the personal injury case. The court erred in entertaining its motion and in directing that proceedings upon the judgment be stayed until disposition of the issues in the second case.

██ ██ We turn to a consideration of the appeal from the injunctional order in the second case. Here the insurer reiterates its argument that the order was

a stay order rather than an injunctional order. The views we expressed in discussing the appeal from the order in the first case are applicable to the second case. In the second case the order recites that it is entered on plaintiff's motion for a preliminary injunction. The order requires Valente to "refrain" from any further action in the first case pending the rendition of judgment in the second case. The right to appeal by the person coerced will not be denied him because the word "refrain" or "stay" is used in place of the word "restrain." The validity of the injunctional order must be considered on the facts as they exist at the time the order was entered. Bauer v. Lindgren, 279 Ill. App. 397; Balaban & Katz Corp. v. Rose, 283 Ill. App. 615; Chicago Motor Coach Co. v. Budd, 346 Ill. App. 385. In Moehling v. Pierce, 3 Ill.2d 418, a case involving a final decree, the court points out that it is sufficient in equity that the appellees are entitled to a decree according to the circumstances and the nature of the case as they exist at the time the decree is entered. The opinion quotes the following from Baker v. Salzenstein, 314 Ill. 226: "While in a suit at law the rights of the parties are determined as of the time of the beginning of the suit, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree in equity it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation but at the time the decree is entered therein."

■ ■ A declaratory judgment action may not be used as a substitute for garnishment. The insurer cannot suffer any loss until there has been a judicial determination in a garnishment or other proceeding against it. It has an adequate remedy in that proceeding and can present any defenses available to it under

151

its policy. In American Automobile Ins. Co. v. Freundt, 103 F.2d 613, (C. C. A. 7, 1939), a judgment was obtained in the Circuit Court of Cook County. The insurer filed an action for declaratory judgment in the United States District Court to determine whether it would be liable on the judgment. The latter court dismissed the complaint for declaratory judgment on the ground that the insurer had an available remedy through garnishment. See also Hurley v. Finley, 6 Ill.App.2d 23. In Goodyear Tire & Rubber Co. v. Tierney, 411 Ill. 421, an action was brought for a declaratory judgment to determine whether the plaintiff was subject to the payment of certain taxes. The Supreme Court, holding that a declaratory judgment was not available, said:

"It has been stated that the Declaratory Judgments Act is designed to supply deficiencies in legal procedure which existed before the enactment of the statute and that such an act is not intended as a substitute for ample remedies in use before its adoption, so that where there is another plain, adequate and complete remedy available the statute cannot be invoked. . . . We hold, under the facts and circumstances appearing in the case at bar, that appellant was not entitled to maintain an action for a declaratory judgment but should have pursued his remedies under the Revenue Act."

In Country Mutual Casualty Co. v. Van Duzen, 351 Ill. App. 112; Allstate Insurance Co. v. Hoffman, 21 Ill.App.2d 314, and Hawkeye Security Ins. Co. v. Myers, 210 F.2d 890, cited by the insurer, the propriety of declaratory judgment proceedings in actions by insurance companies was not questioned. Under the factual situation in the instant case there was no basis for the order directing Valente to "refrain" from further action in the first case.

For the reasons stated the order entered October 23, 1959, in Superior Court Case No. 59 S 10753 staying all proceedings upon the judgment, and the order entered on the same day in Superior Court Case No. 59 S 15487, directing Valente to refrain from any further action in Case No. 59 S 10753, are reversed.

Orders reversed.

BRYANT, P. J. and FRIEND, J., concur.