The Farmers Automobile Insurance Association, an Interinsurance Exchange, Appellant, v. Cletus Janusick, et al., Appellees.

Gen. No. 11,457 & 11,469

Second District, First Division.

April 4, 1961.

Rehearing denied June 5, 1961.

Berry & O'Conor, of Ottawa, for appellant.

Moran, Klockau, McCarthy, Schubert & Henss, of Rock Island, and Spaulding & Wosik, of Henry, for appellee.

McNEAL, J.

This is an appeal from an order denying a motion for summary judgment and allowing a motion to dismiss a complaint for declaratory judgment.

As to the salient facts, the record shows that as of September 17, 1958, the Farmers Automobile Insurance Association had issued an insurance policy to Cletus Janusick insuring him from liability incurred while operating a certain 1953 Oldsmobile or while operating any automobile acquired to replace that vehicle. The record further shows that on that date and while operating a 1952 Oldsmobile, Janusick was involved in a collision. As a result of this collision and on December 2, 1958, damage suits were filed against Janusick by Patricia McLaughlin Drennan, Katherine Drennan, Carol McLaughlin, Terry Ann McLaughlin, a minor, Shawn Beth McLaughlin, a minor, and Carol McLaughlin, administrator of the estate of Carol Anne McLaughlin, deceased. Janusick filed an answer in these suits through his personal attorneys, and the attorneys for the Farmers Automobile Insurance Association entered their appearance under a non-waiver agreement.

On March 19, 1959, The Farmers Automobile Insurance Association filed an action seeking a declaratory judgment that its policy did not cover Janusick's operation of the 1952 Oldsmobile involved in the collision in question. Janusick and the parties who had sued

354

him were named defendants in the action. The insurance carrier made a motion for summary judgment and supported the motion with an affidavit that the 1952 Oldsmobile was not a replacement for the 1953 Oldsmobile described in the policy. Counter affidavits were filed to the effect that Janusick had sold the 1953 Oldsmobile, that he had taken a 1950 Chevrolet in trade, that the 1950 Chevrolet was not usable and was sold as junk, and that Janusick had purchased the 1952 Oldsmobile as a replacement for the 1953 Oldsmobile. Also a motion was filed to dismiss the action for declaratory judgment on the ground that it was premature and could not properly be filed prior to the entry of judgments in the damage suits against Janusick. The circuit court denied the motion for summary judgment and allowed the motion to dismiss the complaint for a declaratory judgment. This appeal followed.

■ The statute pertaining to summary judgments, ch. 110, sec. 57(3), Ill. Rev. Stat., 1959, provides that a summary judgment may be entered only if the record shows that "there is no genuine issue as to any material fact." The record in the case at bar shows that the question as to whether the 1952 Oldsmobile was or was not a replacement for the 1953 Oldsmobile was directly at issue. Since this constituted a genuine issue as to a material fact, we believe that the circuit court was correct in denying the motion for summary judgment.

A number of recent decisions fully support the action of the circuit court in denying the motion for summary judgment. In Halloran v. Belt Ry. Co. of Chicago, 25 Ill.App.2d 114, 118, 166 N.E.2d 98, the Court used the following language in reversing a summary judgment:

"This procedure may not be used to impair the right of trial by jury. Its purpose is not to try an

355

issue of fact, as it is only when the undisputed facts are susceptible of but a single inference does the issue become one of law. (Inland Steel Co. v. Industrial Commission, 18 Ill.2d 70, 78 (1959). Questions which are composed of factors sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. (Ney v. Yellow Cab Co., 2 Ill.2d 74, 84 (1954.) Defendant's right to judgment must be free from doubt. If the pleadings, discovery depositions and exhibits present a genuine issue as to any material fact, the judgment order ought not to have been entered. Naus v. Joanna-Western Mills Co., 18 Ill.App.2d 85, 92 (1958); Allen v. Meyer, 14 Ill.2d 284, 292 (1958)."

In Simaitis v. Thrash, 25 Ill.App.2d 340, 347, 166 N.E.2d 306, the Court reversed a summary judgment and used the following language:

"Summary judgment procedure may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact but to try whether one exists between parties within the legal meaning. Sampson Co. v. Mandel Bros., 3 Ill.App.2d 92, 120 N.E.2d 571. The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon and, if there is, the motion for summary judgment must be denied. Gribben v. Interstate Motor Freight System Co., 18 Ill.App.2d 96, 151 N.E.2d 443."

See also Ehresman v. The Town of Loda, 25 Ill.App. 2d 259, 166 N.E.2d 294.

As to the propriety of the circuit court's action in dismissing the complaint for a declaratory judgment, we have read the various decisions cited by the parties, including Valente v. Maida, 24 Ill.App.2d 144, 164

N.E.2d 538, wherein the court held that once the injured third person obtains a judgment against the insured, it is not proper to restrain the third person from taking action on the judgment pending a decision on the question of insurance coverage. However, none of the Illinois decisions which have been cited covers the precise question involved in this case, i.e. whether the insurance company had a right to file its complaint for declaratory judgment during the pendency of the various suits brought by the injured third persons.

There is a wide divergence among the authorities in other jurisdictions on this point and a number of decisions have been called to our attention which lend support to both sides in the instant controversy. However, certain general rules are laid down in the authorities which seem to cover the instant situation.

For example, the following statements appear in the 1960 Supplement to Vol. 16, Am. Jur., Declaratory Judgments, sec. 35, pages 68, 70:

> ". . . it may no longer be doubted that the extent of an insurer's responsibility or its immunity from liability under an insurance contract are rights which it can petition to have determined by declaratory judgment.

> "In the case of liability policies, a dispute or controversy between the insurer and its insured as to the fact or extent of liability under the policy to persons injured as a result of the operation of the insured automobile, including, in most cases, the insurer's obligation to defend the insured in actions threatened or pending for damages against him, is generally held to present an actual or justiciable controversy within a declaratory judgments act.

> ". . . the better reasoned authority is that the obtaining of a judgment against the insured is not

357

a condition precedent to the existence of an actual controversy involving the liability of the insurer."

In 26 C. J. S. 166, Declaratory Judgments, sec. 64, it is stated that an insurer may ask for a declaratory judgment to determine questions of coverage, and that: "When the injured person is asserting a claim against the insured, the insurer, in order to invoke a declaratory judgment, need not wait until the claim is reduced to judgment, or until an action or suit is started, and declaratory relief may be invoked when the injured person is threatening to file suit and the insurer denies liability under the policy, or where suit is brought against the insured and suit is threatened against the insurer."

A lengthy annotation on the subject appears in 142 ALR 8, 12, and the following statements appear therein:

"That the remedy of declaratory judgment, under Federal and state declaratory judgment actions, is a proper one for the determination of questions arising from the construction and operation of insurance policies with regard to the rights and liabilities of the parties thereunder is well settled, irrespective of whether such policies involve accident, fire, health, life, or liability or indemnity insurance.

". . . the better reasoned authority is that the obtaining of a judgment against the insured is not a condition precedent to the existence of an actual controversy involving the liability of the insurer."

Appleman, Insurance Law and Practice, Vol. 20, pages 68, 69, observes that a declaratory judgment action constitutes a cumulative remedy which should not be whittled away with exceptions. Declaratory judgment statutes should be liberally construed to effectuate the ends of justice. In Sec. 11352, page 84, the text

states that a declaratory judgment statute should not be used as an instrument of "procedural fencing" in order to delay justice. The following statement appears in sec. 11356, page 102:

> ". . . and where persons injured in an automobile accident asserted a claim against an insured, the insurer was not required to wait until such claim was reduced to judgment before bringing a declaratory judgment action."

In Vol. 16 I. L. P. 69, Declaratory Judgments, sec. 2, it is stated that declaratory judgment statutes should be liberally construed and that the relief afforded under such statutes is an alternative or an additional remedy to facilitate the administration of justice.

To summarize, the foregoing authorities indicate that declaratory judgment statutes should be liberally construed; that the construction of an insurance policy is the proper subject of a declaratory judgment action; and that the insurance company may ask to have its policy construed prior to the time that a suit against the insured has been prosecuted to judgment. Declaratory judgment statutes should be used to promote and facilitate rather than delay and impede the meting out of justice.

Applying these principles to the case at bar, we believe that the insurance carrier had a right to file its complaint for a declaratory judgment prior to the time that the injured third persons obtained a judgment against the insured, and that the circuit court erred in dismissing the complaint on the ground that it was premature. On the other hand, we do not believe that the pendency of such an action should unduly or unreasonably delay the prosecution of the suits filed by the injured third persons, and bearing in mind the considerable length of time which has already elapsed, we hold that the pendency of the declaratory judgment action should not delay the prosecution of said suits

should the injured third parties elect to proceed at this time. On the other hand, the insurance carrier has a right to have its rights determined in the declaratory judgment action, or it may await the outcome of the suits against the insured and raise the coverage question in a garnishment action or in a direct action instituted under section 388 of the Illinois Insurance Code (Par. 1000, Ch. 73, Ill. Rev. Stat., 1959).

Following the oral argument of this cause, the attorneys for the plaintiffs in the damage suits and Janusick's personal attorneys attempted to waive a jury trial and set those suits for trial before the court. The attorneys for the insurance carrier advised that they felt that they had a right to defend Janusick without waiving any policy defenses which they might have. The attorneys for the plaintiffs in those suits then filed a motion in this Court to dismiss this appeal on the ground that the questions raised by the appeal are moot. This motion has been taken with the case. It is the holding of this Court that the question of coverage raised by the declaratory judgment action is not moot. Further, in view of this Court's ruling that the declaratory judgment action may not be used to further delay the trial of the damage suits, it is the holding of this Court that the attorneys for the insurance carrier have the right to defend such suits without waiving the question of coverage and that that question may be resolved either in the pending declaratory judgment action or in any subsequent garnishment or direct action instituted against the insurance carrier. The motion to dismiss the appeal is accordingly denied.

The judgment of the Circuit Court of LaSalle County denying the motion for summary judgment is affirmed; the judgment of said court dismissing the complaint for a declaratory judgment is reversed; and this cause is remanded with directions to proceed in accordance with the views expressed herein.

360

Affirmed in part; reversed in part; and remanded with directions.

SMITH, P.J. and DOVE, J., concur.