The First National Bank of Chicago, as Trustee Under the Will and Codicil of Fred W. Powers, Deceased, Plaintiff-Appellee, v. David Powers, David A. Powers, Philip J. Powers, Fred C. Powers, David A. Powers, Jr., a Minor, Jeffery J. Powers, a Minor, Steven R. Powers, a Minor, Candy Jean Powers, a Minor, Lora Jane Powers, a Minor, Jessie P. Schultz, Carl E. Schultz, Jr., Richard E. Schultz, James R. Schultz, Elizabeth Ann Schultz, a Minor, Martha Jean Schultz, a Minor, Carl Eniel Schultz III, a Minor, Margaret Ann Schultz, a Minor, Karen Louise Schultz, a Minor, Richard Eugene Schultz, Jr., a Minor, Susan Jean Schultz, a Minor, James Robert Schultz, Jr., a Minor, Joseph W. Powers and H. C. Mueller, Defendants-Appellees.

On Interlocutory Appeal of Hirsch E. Soble, Former Guardian Ad Litem for the Minor Defendants, Petitioner-Appellant.

Gen. No. 53,271.

First District, Third Division.

March 27, 1969.

Hirsch E. Soble, pro se, of Chicago, appellant.

Charles T. Martin, J. William Hayton, and Isidore Brown, of Chicago (Bell, Boyd, Lloyd, Haddad & Burns, of counsel), for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The First National Bank of Chicago, as trustee under the will and codicil of Fred W. Powers, Deceased, brought an action in the Circuit Court of Cook County to construe the will and codicil. The Appellant was appointed Guardian Ad Litem for the testator's minor grandchildren who were children of the life tenants under the testamentary trust. On November 16, 1967, prior to trial, the Guardian Ad Litem filed a petition for fees in full for services which he had performed from June 8, 1965, to November 13, 1967. On June 17, 1968, the trial judge, after hearing the evidence and arguments, ordered that all proceedings upon said petition be stayed until the final disposition of the case and the apportionment of fees and expenses. The Appellant was also allowed to withdraw his appearance as Guardian Ad Litem for the minor defendants. It is from this order that the Guardian Ad Litem prosecutes the instant interlocutory appeal and contends that the trial judge erred in staying his petition for fees. The plaintiff, First National Bank of Chicago, has submitted a motion to dismiss the appeal which was taken with the case.

It would be improper for this court to reach the merits of the question raised by this appeal because we are of the opinion that the plaintiff's motion to dismiss the appeal must be granted. The Appellant submits that he had the right to appeal from this interlocutory order since the stay order is, in substance, the granting of an injunction within the intendment of Supreme Court Rule 307 (a)

471

(Ill Rev Stats 1967, c 110A, § 307(a)) which reads in pertinent part:

> "An appeal may be taken to the Appellate Court from an interlocutory order (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; . . ."

██ ██ The order appealed from in the case at bar cannot be characterized as an injunction within the meaning of Rule 307(a). It is true that the courts will look to the substance rather than to the form of a stay order to determine if it is an injunctional order and therefore appealable. Valente v. Maida, 24 Ill App2d 144, 164 NE2d 538. However, the cases relied upon by the Appellant are distinguishable from the instant case. The cases cited by him which have held that the granting or refusing of a stay order was the granting or refusing of an injunctional order all dealt with orders which directly affected the status or the merits of the pending litigation and *directly* affected the rights of the parties to that litigation. In Valente v. Maida, supra, the trial court ordered that all proceedings upon a default judgment rendered in favor of the plaintiff be stayed until the issue of insurance coverage could be resolved in a separate action for a declaratory judgment. In Applicolor, Inc. v. Surface Combustion Corp., 77 Ill App2d 260, 222 NE2d 168, and in School District No. 46 v. Del Bianco, 68 Ill App2d 145, 215 NE2d 25, the defendants were held to have the right to an interlocutory appeal from denials of their motions to stay proceedings in the trial court pending an arbitration of the claim.

In the case before us, the order being appealed from does not affect the merits of the pending litigation since the sole person directly affected by the order is the Guardian Ad Litem himself. In Almon v. American Carloading Corp., 380 Ill 524, 44 NE2d 592, an appeal was taken to the Appellate Court from a trial court order which

stated that an attorney shall not appear in the future for either party to the controversy. The Appellate Court overruled a motion to dismiss the appeal, and the Supreme Court reversed and remanded the case to the Appellate Court with directions to dismiss the appeal. The appellants contended that the order expelling the attorney from the proceedings possessed the elements of restraint and the enjoining of action so as to bring it within paragraph 202 of the Civil Practice Act permitting interlocutory appeals from orders for injunction (a forerunner of the present Supreme Court Rule 307). In rejecting such an argument, the Supreme Court said at page 529:

> "The purpose of an interlocutory injunction is to preserve the rights of some one or more of the parties and continue the property and the rights therein in status quo until the cause can be disposed of on the merits. The order prohibiting Carmell's appearance in the case as one of the attorneys for the defendants has no bearing on the merits of the litigation. The order appealed from was not of the character intended by the legislature to be covered by paragraph 202 of the statute."

Likewise, in the case at bar, the issue whether the Guardian Ad Litem was entitled to his fees prior to a final adjudication of the controversy has no bearing on the merits of that controversy involving the construction of certain alleged ambiguities in the will and codicil of the deceased. Therefore, the interlocutory appeal is dismissed.

Appeal dismissed.

SCHWARTZ and DEMPSEY, JJ., concur.