SAFECO INSURANCE COMPANY, Plaintiff-Appellee, v. CHARLES M. BRIMIE *et al.*, Defendants (Richard S. McGehee, Adm'r of the Estate of Susanna M. McGehee, Defendant-Appellant).

First District (1st Division)   No. 87—0161

Opinion filed November 2, 1987.

Paul W. Grauer & Associates, of Schaumburg (Paul W. Grauer, of counsel), for appellant.

Touhy & Martin, Ltd., of Chicago (James L. Touhy, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

Defendant Richard S. McGehee (McGehee), administrator of the estate of Susanna M. McGehee, appeals from the order of the circuit court of Cook County which granted plaintiff Safeco Insurance Company (Safeco) summary judgment on its suit for declaratory judgment. The issues before this court are whether Safeco's complaint for declaratory judgment was premature and should have been stricken; whether Safeco's summary judgment motion was improperly granted when a question of fact existed concerning the Brimies' homeowner insurance policy coverage; and whether the motion to vacate was properly denied when the movant failed to call it up for hearing within 90 days. McGehee seeks a reversal of both the circuit court's decision granting Safeco summary judgment and the order denying his motion to vacate the summary judgment order.

McGehee's potential claim against the Brimies' homeowner insurance policy, for which Safeco sought a declaration that it owed no coverage, arose out of a motorbike accident in which Susanna McGehee was fatally injured. At about 7 p.m. on August 20, 1984, Susanna McGehee was a passenger on a motorized dirt bike operated by her boyfriend, Charles J. Brimie. Brimie drove McGehee across a field and through the playground of Horizon School to a convenience store to purchase a package of gum. On the return trip, Brimie rode on a sidewalk in the Horizon playground until the pavement ended near a sandlot. It was here, at the southwest corner of the playground near the sandlot, that Brimie lost control of the dirt bike and both he and Susanna were thrown to the ground. Susanna McGehee died from her injuries later that day. Susanna's father, Richard McGehee, was appointed administrator of her estate.

Mr. McGehee filed a wrongful death action against the American Honda Motor Company (Honda) alleging that the dirt bike, manufactured and sold by Honda, was not reasonably safe for its intended use and that it was the product's inherent instability which caused Charles Brimie to lose control of the dirt bike and proximately caused the fatal injuries to Susanna McGehee on August 20, 1984. Although Charles Brimie was not named as a plaintiff in this wrongful death

action sounding in strict products liability, he was named in the allegations of the complaint. McGehee also made a claim against the Brimies' homeowner insurance; however, Safeco, Brimies' insurer, denied that it owed coverage under the policy and proceeded to handle the claim pursuant to a reservation of rights. Thereafter, Safeco filed this declaratory judgment action against Richard S. McGehee on February 11, 1985, based on its belief that Richard McGehee was about to name Charles J. Brimie and his parents, Bonnie and Charles M. Brimie, as additional defendants or that Honda was about to bring them into the wrongful death suit as third-party defendants. Safeco sought a declaration that it owed no duty of coverage to the Brimies by reason of the occurrence pleaded in the underlying action because of its policy exclusions for personal liability, and medical payments to others, arising out of the use of "a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle regulations and owned by any insured, while on an insured location."

On July 10, 1986, the trial court held a hearing on Safeco's motion for summary judgment and entered judgment in its favor. However, the trial court stayed its order until August 21, 1986; the day after the statute of limitations would run on the wrongful death claim. On August 19, 1986, Richard McGehee filed a suit against Charles M. and Bonnie Brimie, alleging negligent entrustment in allowing their son to use the dirt bike, and against their son, Charles J. Brimie, alleging negligent operation of the dirt bike. Subsequently, on September 19, 1986, McGehee filed a motion to vacate the summary judgment order in favor of Safeco in the declaratory judgment suit. McGehee failed to call up his motion to vacate for a hearing, but Safeco later did so on December 11, 1986. The court summarily denied McGehee's motion to vacate, apparently on the ground that he had not requested a hearing within 90 days as required under circuit court Rule 2.3. Consequently, McGehee now appeals from both the order granting summary judgment to Safeco in the declaratory judgment action and the order denying his motion to vacate the summary judgment.

McGehee argues in this appeal that the declaratory judgment action was premature because at the time summary judgment was granted no "actual controversy" existed between Safeco and McGehee as required under section 2—701 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—701.) McGehee contends that declaratory judgment was premature since "the insured is simply not at risk and has no 'actual controversy' with the insurance company until after he is sued and is denied defense or coverage," citing *Gibraltar*

*Insurance Co. v. Varkalis* (1970), 46 Ill. 2d 481, 263 N.E.2d 823. Hence, McGehee concludes that declaratory relief was not available to Safeco until a lawsuit had been filed against its insured and the defense tendered to it and it denies a defense or coverage. However, contrary to McGehee's contentions, we do not interpret the *Gibraltar* decision to require, under circumstances such as here, that an insurer must wait for a lawsuit to be filed against its insured before it can petition a court for a judicial declaration of its rights and obligations under its insurance policy.

▉▉ In *Gibraltar* the insurer contended that it did not owe coverage under its policy based on the fact that the insured there had intentionally committed an assault and battery on the victim by pushing her from his automobile and then repeatedly running over her body. However, unlike the situation involved here, the insurer there never denied coverage or gave its insured notice of any denial until it filed a declaratory judgment suit more than five years after the occurrence. The question presented there was whether the declaratory judgment action, seeking to determine that no coverage was provided under the insurance contract, was barred by the statute of limitations, inasmuch as the declaratory judgment suit was not filed until more than five years after the occurrence. In affirming the trial court's dismissal of the declaratory judgment suit on other grounds, our supreme court stated that "no actual controversy arises among the parties until such time as the issuing company is called upon to either pay or defend a claim on behalf of its insured under the terms of the policy in question." (*Gibraltar*, 46 Ill. 2d at 485, 263 N.E.2d at 826.) There, the supreme court held that an actual controversy did not arise until the estate of the victim had delivered a letter to the insurer advising it that no answer had been filed in an underlying tort action against its insured in that case. However, this was said in the context of whether the insurer's declaratory judgment suit was untimely, *i.e.*, as filed too late in time, in relation to the occurrence for which the insurer was denying coverage. The court there found that, under the circumstances, the actual controversy only arose when the insurer received the notice from the estate of the victim, and thus, the declaratory judgment suit was timely. (46 Ill. 2d at 486, 263 N.E.2d at 826.) Here, there is no issue concerning the timeliness of the suit or of notice to the insureds; Safeco denied coverage after the estate of Susanna McGehee made a claim under the Brimies' homeowner insurance policy and then it began to handle the claim pursuant to a reservation of rights; thus, we believe an "actual controversy" was created at that time. Shortly thereafter, Safeco

brought this declaratory judgment action.

██ █ It is well settled that declaratory relief is available where a case presents "a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the determination of the controversy or some part thereof." (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300; see also *Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 1005, 403 N.E.2d 680, 682.) It is also a long-standing principle that the courts favor declaratory judgment actions on the issue of policy coverage prior to an adjudication of the underlying claim (*Apex Mutual Insurance Co. v. Christner* (1968), 99 Ill. App. 2d 153, 240 N.E.2d 742) and that the insurer normally need not wait until the underlying suit is filed or reduced to judgment against its insured before it may seek declaratory relief based on a present denial of coverage (*Farmers Automobile Insurance Association v. Janusick* (1961), 30 Ill. App. 2d 352, 174 N.E.2d 705). (See 26 C.J.S. *Declaratory Judgments* §64 (1956).) Accordingly, Safeco did not need to wait until its insured was actually named in the wrongful death suit to seek a construction of the Brimies' homeowner insurance policy and a declaration of whether coverage existed. *La Salle Casualty Co. v. Lobono* (1968), 93 Ill. App. 2d 114, 236 N.E.2d 405.

We further note that the "actual controversy" of whether the Brimies' homeowner insurance policy provided coverage for the August 20, 1984, occurrence was unrelated to the issues in the underlying wrongful death suit, and, therefore, a declaratory judgment in this case before a suit was filed against the insured would not work any prejudice toward the estate of Susanna McGehee in its tort action against either Honda or the Brimies. (See Ingram, *Conflicts of Interest in the Insurer's Duty to Defend in Illinois*, 17 J. Marshall L. Rev. 379, 383 (1984). Cf. *Murphy v. Urso* (1981), 88 Ill. 2d 444, 455, 430 N.E.2d 1079, 1084; *Burlington Northern R.R. Co. v. Illinois Emasco Insurance Co.* (1987), 158 Ill. App. 3d 783, 788.) Additionally, we note that McGehee did, in fact, file suit against Charles M. and Bonnie Brimie and their son Charles J. Brimie prior to the effective date of Safeco's judgment on its motion for summary judgment and while the declaratory judgment action was still pending before the trial court, since it was filed during the period the judgment had been stayed.

We find this situation here analogous to that in *Fidelity & Casualty Co. v. Envirodyne Engineers, Inc.* (1983), 122 Ill. App. 3d 301, 461 N.E.2d 471, where the insurer had filed suit against its insured

seeking a declaration that it owed no coverage and that its insured's actions fell within the provisions of one of the policy exclusions. The trial court granted judgment for the insured and this court affirmed, finding that an insurer may properly challenge the existence of coverage in a declaratory proceeding by offering evidence to prove that the underlying facts fall within the limitations of one of the policy exclusions unless such evidence "tends to determine an issue crucial to the determination of the underlying lawsuit." (122 Ill. App. 3d at 304-05, 461 N.E.2d at 474.) Here, as in *Fidelity*, Safeco sought a declaration that there was no coverage for the occurrence in the Brimies' homeowner insurance policy and submitted certain photographic and deposition evidence at its summary judgment hearing. After reviewing the evidence and hearing the arguments of counsel, the trial court concurred with Safeco that there was no coverage as a matter of law and granted summary judgment in its favor.

■ Thus, based on the preceding authorities and the record as presented *to* us, we hold that Safeco was entitled to a declaration of its rights and obligations on the issue of coverage. Accordingly, we affirm the trial court in its refusal to strike the complaint as premature.

■ Additionally, McGehee argues that summary judgment was improper in this declaratory judgment proceeding because there were disputed factual issues concerning the issue of coverage. McGehee contends that there was a material question of fact as to whether the occurrence was within the meaning of the term "insured location" as used in the Brimies' homeowner insurance policy. The policy defined "insured location" to include adjacent property used in connection with the residence property. McGehee claims that the area where the dirt bike accident occurred, *i.e.*, on the southwest corner of the Horizon School property, is arguably within the "insured location" provision and thus precluded summary judgment. However, McGehee ignores relevant case law which construes like terms defining "insured premises," in other policies, as here (see *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203; *Allstate Insurance Co. v. Gutenkauf* (1981), 103 Ill. App. 3d 889, 431 N.E.2d 1282), and instead attempts to rely on cases involving terms which were not defined in the policy, were ambiguous and, thus, not relevant here (*Dolan v. Welch* (1984), 123 Ill. App. 3d 277, 462 N.E.2d 794; *General Casualty Co. v. Olsen* (1977), 56 Ill. App. 3d 986, 372 N.E.2d 846). The policy here includes a definition of the "insured location" which is not ambiguous and which, we find, as a matter of law, could not reasonably be construed to cover the area where the accident occurred. Accordingly, we find no merit in McGehee's conten-

tion that a factual issue existed concerning coverage to preclude summary judgment on the issue of coverage. See *Bay State Insurance Co. v. Wilson* (1983), 96 Ill. 2d 487, 451 N.E.2d 880.

The reasoning of our supreme court in *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203, in addressing a similar issue is relevant and pertinent to the present case:

> "Defendants seek escape from the generally accepted definition of 'immediately adjoining' ways by focusing on their argument that pleasure bicycle riding is a use incidental to the insured premises, a predicate with which we have no quarrel, particularly when those premises are occupied by a mother and two teenaged sons. But that is not to say that coverage of bicycle riding on the premises and ways immediately adjoining continues when the rider departs therefrom, for once that argument is accepted, there is no logical geographical limit. If bicycle riding 2½ blocks away from the insured premises is a use incidental to those premises because it originated there, it is just as incidental if the rider is 2½ miles or any greater distance from home.
>
> *** In our judgment, defendant's interpretation could not have been reasonably contemplated by the parties at the time they entered into a contract, and we should not impose such open-ended coverage when the geographic limits of the policy are clear." (88 Ill. 2d at 8, 429 N.E.2d at 1206-07.)

McGehee asserts the same argument as the *Schnackenberg* court rejected; *i.e.*, that since Charles J. Brimie rode his dirt bike over the Horizon School grounds regularly from his residence, those school grounds somehow became adjacent property used in connection with the Brimie's residence and were thus covered as part of the "insured location." An aerial photograph submitted to the court as part of the summary judgment motion clearly demonstrated the accident site is separated from the Brimie property by a playground, a public street, and a fence in the Brimie yard. Consequently, the site of the accident here could not justifiably be described as adjacent property within the meaning of the policy. Furthermore, to entertain McGehee's argument that there was coverage of this accident within the terms of the Brimies' policy would distort the plain meaning of "insured location" and would surely be contrary to the meaning reasonably intended by the parties at the time Safeco agreed to provide homeowner insurance to the Brimies.

Inasmuch as there was no factual issue in this case concerning the location of the accident or its location relative to the insured's prop-

erty, it was appropriate for the trial court to rule on coverage as a matter of law. After having reviewed the record here, we find no error in the trial court's determination that there was no coverage under the policy. Thus, the trial court's order granting summary judgment to Safeco on its complaint for declaratory judgment is affirmed.

■■ Finally, McGehee also seeks a reversal of the trial court's order denying his motion to vacate the summary judgment. He contends that the only basis on which the trial court denied his motion was because he did not ask for a hearing on his motion within 90 days as required by circuit court Rule 2.3. McGehee did file his motion within 30 days of judgment as required under section 2—1203 of the Illinois Code of Civil Procedure, but he was also required under the relevant circuit court rules to ask for a hearing on the motion within 90 days and did not do so. Rule 2.3 of the circuit court of Cook County provides that the movant has the burden of calling a motion for hearing, and any motion not called up within 90 days from the date it is filed is subject to denial by reason of the delay. (See *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 1048-49, 318 N.E.2d 282, 288.) When McGehee filed his motion to vacate, he failed to set a hearing date for his motion. Thereafter, the nonmovant, Safeco, called up the motion for hearing on December 11, 1986. At that hearing, the court noted that "[t]he time has run" on the motion to vacate and asked counsel for McGehee why the motion had not been set for a hearing within 90 days from the date it was filed. Counsel for McGehee replied: "Your honor, we didn't call it up ***. We thought they would," and offered no other argument and no argument for setting aside the judgment. The trial court then denied the motion to vacate. On the record here, we do not find that the trial court improperly denied McGehee's motion; it was not timely presented under circuit court Rule 2.3, no explanation was offered for the delay, the motion itself did not present a sufficient basis for vacation and, in addition, no argument was proffered at the hearing as a basis for granting the motion. Thus, we also affirm this order of the circuit court denying McGehee's motion to vacate. *Bernhardt v. Firtzshall* (1973), 9 Ill. App. 3d 1041, 293 N.E.2d 650.

For all of these reasons, the judgment of the circuit court of Cook County granting Safeco summary judgment and the order of the trial court denying McGehee's motion to vacate are affirmed.

Judgment and order affirmed.

BUCKLEY and O'CONNOR, JJ., concur.