SUAREZ, J.
 

 Zurich American Insurance Company (“Zurich”) petitions this Court, pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B), for a writ of certiorari reversing the opinion of the Circuit Court Appellate Division. On review of the second tier petition for writ of certiorari, we grant the petition and quash the circuit court opinion, which interprets a MedPay coverage provision of a general liability insurance policy issued by Zurich to Total-Bank in favor of coverage on a claim made by Appellee, Cathleen Ainsworth. We find that the Circuit Court did not apply the correct law when it determined both that MedPay coverage was a liability issue and that Quail Roost Drive, where the accident occurred, met the MedPay coverage provision of “ways next to premises” owned or rented to TotalBank.
 

 Zurich insured TotalBank under a general liability policy of insurance. The policy provided MedPay coverage,
 
 [1]
 
 regardless of fault, for bodily injury caused by an accident “[o]n ways next to premises you own or rent; or [bjecause of your operations.” TotalBank rents a building in a shopping center located on Quail Roost Drive. Between the parking lot of the shopping center and Quail Roost Drive there is a swale, a sidewalk and another swale. Quail Roost Drive does not abut or touch the parking lot, much less Total-Bank’s rented premises in the shopping center. On September 4, 2002, Ms. Ains-worth and her son were involved in an automobile accident in which her son sustained injuries when her car, while proceeding on Quail Roost Drive, collided with two other vehicles. One of the vehicles struck her car as it was exiting a driveway from a Burger King in the shopping center. Ms. Ainsworth submitted a claim with TotalBank’s insurer, Zurich, for Med-Pay benefits for the injuries that her son sustained. When Zurich denied her claim, Ms. Ainsworth, on behalf of her son, sued Zurich to recover his medical costs and lost wages under Zurich’s MedPay policy with TotalBank.
 
 [2]
 
 She alleged that, while a passenger in her car driving on Quail Roost Drive, her son was a business invi
 
 *11
 
 tee on “ways next to” the property of TotalBank when, as a result of an automobile accident, he was injured and received medical treatment and costs which she claims are covered by the MedPay provisions of TotalBank’s insurance policy with Zurich. The trial court granted summary judgment in favor of Zurich holding that there was no coverage under the MedPay provision of the policy for the accident because it neither occurred on ways next to the premises nor out of TotalBank’s operations. Ainsworth appealed to the Circuit Court Appellate Division which reversed the summary judgment, finding that a genuine issue of material fact remains as to whether the landscaping or design of TotalBank caused the bank to be liable for the accident and whether the Quail Roost Drive location meets the Med-Pay policy coverage provision of “ways next to premises” owned or rented by TotalBank.
 

 We limit our review of the Circuit Court’s decision on second tier petition for writ of certiorari to issues of whether the Circuit Court afforded due process and applied the correct law. We grant the petition for writ of certiorari and quash the opinion below on grounds that the Circuit Court did not apply the correct law.
 
 See Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995);
 
 City of Miami v. Cortes,
 
 995 So.2d 604 (Fla. 3d DCA 2008).
 

 Under a general liability insurance policy, MedPay coverage is primarily intended to pay for injuries sustained by the members of the general public while on the insured’s premises or otherwise exposed to the insured’s operations.
 
 See generally
 
 11 Lee R. Russ & Thomas F. Segally,
 
 Couch on Insurance 3d
 
 § 158.35 (1998).
 
 [3]
 
 Coverage is typically limited by the activity surrounding the area where the accident occurred or to the location where the injury occurred or both.
 

 The first issue raised on appeal concerns whether the Circuit Court was correct in determining that a genuine issue of material fact on liability precluded summary judgment in favor of Zurich. Analysis of MedPay coverage does not require the application of principles of fault to resolve coverage. The issue is not fault, but is whether the accident meets the policy’s MedPay provision for providing coverage. Because the Circuit Court considered issues of liability in determining the scope of coverage, by finding that a genuine issue of material fact remains as to whether “the design and landscaping of TotalBank caused [Ainsworth’s] failure to see the car she initially struck,” the Circuit Court misconstrued the MedPay coverage provision, which has no relation to fault, and therefore applied the incorrect law.
 

 The next issue is whether the Circuit Court misconstrued the MedPay coverage provision when it determined that Quail Roost Drive met the Zurich MedPay policy provision of “ways next to premises” owned or rented by the insured, Total-Bank. We find that the Circuit Court misconstrued the policy provision. The interpretation of a contract is a matter of law subject to de novo review.
 
 Envtl. Servs. Inc. v. Carter,
 
 9 So.3d 1258 (Fla. 5th DCA 2009);
 
 Imagine Ins. Co. v. State ex rel. Dep’t of Fin. Servs.,
 
 999 So.2d 693 (Fla. 1st DCA 2008). This point on appeal concerns the interpretation of the term of the MedPay provision, “on ways next to.”
 
 [4]
 
 
 *12
 
 Both parties always have been in agreement that the place of the accident was on Quail Roost Drive. This fact is not in dispute. The question, then, is whether, based on the facts of this case, Quail Roost Drive meets the policy coverage provision of “ways next to premises” owned or rented by TotalBank. The term, “next to,” is defined by Webster’s New Collegiate Dictionary (1980) as “immediately following or adjacent to.”
 
 See also
 
 Black’s Law Dictionary 941 (5th ed. 1979) (defining “next” as “immediately following.”). In construing premises liability policies, the construction of the terms, “ways immediately adjoining premises” includes considerations of whether public or commonly held property separates the way in question from the designated premises.
 
 See United States v. Great Am. lndem. Co.,
 
 214 F.2d 17, 19 (9th Cir.1954) (holding that sidewalk where accident occurred, which was two or three feet in front of entrance to stairway thirty-five feet west of entrance to insured grocery store was not “immediately adjoining” so as to provide coverage for accident);
 
 Safeco Ins. Co. v. Brimie,
 
 163 Ill.App.3d 200, 114 Ill.Dec. 422, 516 N.E.2d 577, 581 (1987) (holding that school property where accident occurred, which was separated from insured residence by a playground, a fence and a public street was not adjacent so as to provide coverage for the accident as a matter of law);
 
 Couch
 
 § 126.12;
 
 see also Liberty Vill. Assocs. v. W. Am. Ins. Co.,
 
 308 N.J.Super. 393, 706 A.2d 206 (1998) (holding that there was no coverage for shopping mall operator under liability policy where accident occurred between two stores separated by roadway and sidewalk).
 

 In construing the facts before us, considering that there is no question that the accident occurred on Quail Roost Drive on a public highway, in front of a public shopping center, where the shopping center and the shopping-center parking lot are separated from Quail Roost Drive by two swales and a sidewalk, we decline to find coverage within the meaning of the terms, “ways next to premises,” under the Zurich MedPay policy. We follow the line of cases which hold that a claim arising from a motor vehicle accident on a way which is not contiguous or touching the insured premises is excluded from coverage.
 
 See Nat’l Optical Co. v. U.S. Fid. & Guar. Co.,
 
 77 Colo. 130, 235 P. 343, 344 (1925) (holding that as a matter of law “accidents to persons while on premises of insured or on sidewalks, ways, or premises adjacent” means so close by as to connote contact);
 
 Ill. Conference of the United Church of Christ v. Fid. & Cas. Co.,
 
 10 Ill.App.3d 178, 294 N.E.2d 776, 778 (1973) (holding that accident occurring on public road “away from premises or ways immediately adjoining” did not include coverage where point of accident was one-half mile from premises and not contiguous or touching insured’s property);
 
 Farm Bureau Mut. Ins. Co. v. Sandbulte,
 
 302 N.W.2d 104 (Iowa 1981) (holding claims arising from motor vehicle accidents on ways not actually contiguous to or touching the insured’s premises are uniformly held, as a matter of law to be excluded from coverage);
 
 Lendway v. Muse,
 
 83 N.J.Super. 256, 199 A.2d 391, 392 (1964) (holding automobile accident in middle of public street intersection on which corner lot abutted was not covered under homeowners policy for operation of automobile while away from premises or “ways immediately adjoining” premises);
 
 Connolly v. Standard Cas. Co.,
 
 76 S.D. 95, 73 N.W.2d 119, 120 (1955) (holding that coverage under public liability policy for accidents away from farm “premises or on ways immediately adjobl-
 
 *13
 
 ing” extended only to public highway which abutted or touched farm premises).
 

 Applying these authorities to the facts as related to the construction of the Med-Pay provision before us, we find, as a matter of law, that the meaning of “ways next to premises” does not afford coverage for this accident. Because the Circuit Court based its decision on the need for a determination of liability subject to a question-of-fact analysis, we quash its decision as contrary to law.
 

 Petition for writ of certiorari granted; decision quashed.
 

 [1]
 

 . The policy provides in pertinent part:
 

 COVERAGE C MEDICAL PAYMENTS
 

 1. Insuring Agreement
 

 a. We will pay medical expenses as described Below for “bodily injury” caused by an accident:
 

 (1) On premises you own or rent;
 

 (2) On ways next to premises you own or rent; or
 

 (3)Because of your operations....
 

 (emphasis added).
 

 [2]
 

 . Ms. Ainsworth has also brought claims for MedPay coverage against five other store tenants to recover her son's medical costs and lost wages allegedly due to this accident.
 

 [3]
 

 . The activities arising out of the insured's operations are activities actively engaged in by the insured for the benefit of the business.
 
 See Couch
 
 § 158.35.
 

 [4]
 

 . No testimony was presented that the driver, Ms. Ainsworth, or her passenger, her son, had been doing any business at the bank. We therefore need not address whether the acci
 
 *12
 
 dent occurred “because of [TotalBank’sJ operations.’’