M. D. Pollock, Appellant, v. The Connecticut Fire Insurance Company of Hartford, Appellee.

Gen. No. 8,886.

Opinion filed July 17, 1935.

REDMON, REDMON & BODMAN, of Decatur, for appellant.

MYERS & SNERLY, of Chicago, and CHARLES F. EVANS, of Decatur, for appellee.

MR. JUSTICE ALLABEN delivered the opinion of the court.

Dr. M. D. Pollock, the plaintiff appellant, owned certain premises in joint tenancy with his wife, they having received title thereto as such joint tenants on December 27, 1922. A renewal fire insurance policy was issued to plaintiff appellant after the expiration of a prior policy. No application was made by plaintiff appellant for policies, no representations were made by him, and no questions were asked about the status of his title. The policy was made out to plaintiff appellant alone, was sent to him and he paid for it. Plaintiff appellant and his wife occupied the premises insured, as a home. Subsequently plaintiff

appellant filed suit to recover for a loss allegedly caused by lightning, the amount sued for being $2,500. A demurrer was filed to the plaintiff appellant's declaration, the demurrer sustained and the declaration amended. Defendant appellee then filed a motion for a bill of particulars which was allowed, and bill of particulars was filed. Plaintiff appellant obtained leave to file a second count to the declaration, which was demurred to by defendant appellee and later withdrawn by plaintiff appellant. Plaintiff appellant then obtained leave to file a third count to the declaration. Defendant appellee then filed amended pleas to the whole declaration, and plaintiff appellant filed his replication to the pleas. In brief the declaration as amended alleged that the defendant appellee insured the house of plaintiff appellant against damage by fire, lightning, and so forth. It averred that the house was struck by lightning and damaged, that plaintiff appellant gave notice to the defendant appellee of the loss, that the defendant appellee made an investigation and denied liability; that plaintiff appellant requested the appointment of appraisers as provided for by the policy which the defendant appellee neglected and refused to select; that the plaintiff appellant and his wife were the owners and joint tenants of the premises; that the defendant appellee issued the policy of insurance without requesting the plaintiff appellant to make any application; that the plaintiff appellant never made any misrepresentation as to his title, and no inquiries concerning it were made by the defendant appellee, or its agents; that the deed showing title to be in plaintiff appellant and his wife was on record prior to the issuance of the policy, and that the premises were occupied by the plaintiff appellant and his wife as their home, which occupancy was known by defendant appellee's agent, that the plaintiff appellant paid the defendant appellee $95 as premium for the policy. To this declaration the defendant appellee

pleaded the general issue, and the special pleas referred to, alleged that the requirements of the policy as to notice of loss were not complied with; that the policy was void from its inception because the interest of the insured was not sole and unconditional ownership tendered $105 premium paid; and that since there was other insurance upon the premises defendant appellee was liable only for its proportionate share which was two-thirds.

Upon trial jury returned a verdict for plaintiff appellant in the sum of $1,140.77. Defendant appellee made a motion for judgment notwithstanding the verdict on the grounds that giving the evidence all its probative force and effect plaintiff appellant had failed to prove a cause of action; that under the law and the evidence the verdict should have been for defendant appellee; that because premises were owned in joint tenancy, and policy contained the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if . . . or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple" and because it appeared undisputed in the evidence that plaintiff appellant did not furnish defendant appellee with a signed sworn statement and inventory, and other information as required by the policy. The court sustained this motion, and judgment for costs was entered against the plaintiff appellant. From this ruling plaintiff appellant appeals, relying upon the alleged errors that the court should not have sustained defendant appellee's motion for judgment notwithstanding the verdict, and that it is apparent upon the face of the pleadings and from the admissions of the defendant appellee that assuming the defendant appellee's theory that policy

was void, plaintiff appellant should have had judgment for $105 for premiums paid in good faith.

The first question which is raised is whether the "sole and unconditional" ownership clause was rightly invoked by the defendant appellee as a defense. It appears to us to be well settled that if the party to an insurance contract has specifically agreed that the insured cannot benefit by the contract of insurance unless he be the sole and unconditional owner of the property insured a failure to possess the ownership contemplated by this clause will successfully bar a recovery upon the policy in the absence of a definite waiver of this condition by the insurer, or an estoppel which would preclude it from setting up such a defense. In *Capps v. National Union Fire Ins. Co.*, 318 Ill. 350, which was a suit on an insurance policy containing a sole and unconditional ownership clause the court said: "It is also settled that conditions in a policy of fire insurance rendering the policy void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, are reasonable and valid, and that a breach of such conditions, or either of them, is a bar to a recovery under the policy, in the absence of a waiver of the condition or an estoppel which precludes the company from making its defense." In the same opinion the court further said: "He" (plaintiff) "cannot recover on the theory that the insurer has waived the breach of the condition, which would otherwise bar a recovery, unless he produces evidence establishing the fact of waiver. . . . The evidence in this record not only shows that neither the company nor its agent had any knowledge of the condition of the title of the defendant in error, but it shows affirmatively that the company has done nothing showing that it has waived or intended to waive any of the conditions of the

policy, and that it has done nothing which estops it from making the defense that the defendant in error was not the sole and unconditional owner of the property insured, or the owner in fee of the land on which the building insured was located.''

In the case at bar it was argued by plaintiff appellant that the record of the deed to plaintiff appellant and his wife was notice to the defendant appellee, and its agent, through whom the policy was written of the condition of the title; that no application was taken for the policy, and no inquiry was made as to the state of the title; and that for these reasons the requirement of absolute and sole ownership was waived. The cases cited by plaintiff appellant to sustain this view do not appear to us to lay down the rule which plaintiff appellant argues. One of the cases cited turned on the point that the agent for the insurance company had made out an application for the insured and signed the insured's name; another was a case where the application was by the terms of the policy incorporated in the policy, and made a part of it, and it did not appear from the record that the application was ever in fact executed; and a third case merely lays down the rule that where the owner of property has contracted to sell the same, and the contract is executory it does not render his ownership other than sole and unconditional. These cases do not parallel the case at bar, for so far as the facts are shown in this case there ·was no application required, and the terms of the policy incorporated no application, and no application was ever in fact executed by either the insured or the agent for the company, and the policy issued was a renewal of an existing policy.

It appears to us that when the plaintiff appellant received the policy from the defendant appellee containing the sole and unconditional ownership clause, and when he accepted this policy he thereby became charged with the knowledge of the terms and condi-

tions contained therein; and we fail to see how it can be successfully contended that any duty rested upon the defendant appellee to notify the plaintiff appellant of the contents of the policy, for, as said in the case of *Capps v. National Union Fire Ins. Co.,* 318 Ill. 350, "Unless he has been misled by some act of the insurer, it is generally held that a person who accepts and retains the possession of an insurance policy is bound to know its contents." (Citing *Crikelair v. Citizens' Ins. Co.,* 168 Ill. 309.) This being the rule, if there was anything wrong with the policy which would give rise to a defense because the terms of the contract had not been complied with such as not correctly setting out the interest of the plaintiff appellant in the premises insured, it became the plaintiff appellant's duty to return the policy for correction. There is no evidence in this case that the insurer by any act of its agents or otherwise made any representations or promises or used any artifices or deceit to induce the plaintiff appellant to enter into the insurance contract, and we cannot see how it can be successfully argued that the insured was misled by any act of the insurer, nor can we conceive that the fact that the deed to plaintiff appellant and his wife as joint tenants although a matter of public record was constructive notice to the defendant appellee of the status of the title to the premises insured. We do not believe that it requires the citation of authority to support the rule that the recording of such instrument is constructive notice only to creditors and subsequent purchasers without notice. Obviously this rule cannot be invoked in aid of plaintiff appellant's case, and we further do not believe that the possession of premises, contrary to the contention of plaintiff appellant, is notice to the world of anything more than that the possessor has or claims to have some interest in the premises. It cannot be successfully contended that mere possession is any notice of the extent or quality

of the title or ownership of persons in possession, and especially is this true of husband and wife.

Holding as we do that the misstatement as to the ownership of the property voided the policy in question from its inception, it is not necessary and we will not discuss defendant appellee's further contention that a proper verified written claim was not furnished defendant appellee within 60 days as provided by statute. Plaintiff appellant contends that where a husband and wife own property in joint tenancy, each is the sole and unconditional owner, for the purposes of insurance. Whatever may have been the rule prior to the passage of the Married Woman's Act, 1861, and as later amended, it is clear that our Supreme Court has held that a husband and wife can own property in joint tenancy, but such joint tenancy is governed by the rule applicable to all other joint tenants; and that either one of them is not the sole owner. *Lawler v. Byrne,* 252 Ill. 194; *Anderson v. Anderson,* 339 Ill. 400.

This leaves but one other question for attention. Plaintiff appellant contends that because no tender of the premium plus interest was ever made or kept good defendant appellee could not raise the question that the policy was void *ab initio* and that in any event plaintiff appellant was entitled to judgment in the amount of the premium and interest from date of payment. We cannot agree with either contention. The policy being void from its inception, it was not necessary that any tender be made or kept good to entitle the defendant appellee to make its defense that the policy was void *ab initio*. *Seaback v. Metropolitan Life Ins. Co.,* 274 Ill. 516; *Link v. Mutual Life Ins. of New York,* 234 Ill. App. 250; *Hermann v. Court of Honor,* 193 Ill. App. 366. In order for the plaintiff appellant to maintain an action for return of premium paid plus interest on an invalid policy it is necessary that the plaintiff appellant tender back the policy and sue for the premium paid. This was not done, for

this suit does not tender back the policy but is a suit to recover upon it.

Finding no error in the action of the trial court, it is the opinion of this court that the judgment of the trial court should be and it is hereby affirmed.

*Judgment affirmed.*