**HOWARD FOUNDRY COMPANY,**
Plaintiff-Appellee-Appellant,

v.

**HARTFORD FIRE INSURANCE COMPANY et al., Defendants-Appellants-Appellees.**

**Nos. 11075, 11076.**

United States Court of Appeals Seventh Circuit.

May 16, 1955.

Rehearing Denied June 9, 1955.

---

Lawrence C. Mills, John Wallcutt Mills, Paul I. Fleming, Chicago, Ill., for Howard Foundry Co.

C. F. Snerly, A. M. Anderson, Chicago, Ill., Myers & Snerly, Chicago, Ill., of counsel, for Hartford Fire Ins. Co.

John M. O'Connor, Jr., David Jacker, William H. Symmes, Chicago, Ill., John J. Edman, Chicago, Ill., of counsel, for Travelers Fire Ins. Co.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

Howard Foundry Company, plaintiff, sustained a loss by fire on its Schaefer farm in August, 1947. Howard sued the Hartford Fire Insurance Company, January 23, 1948, on a policy of fire insurance numbered 205910 in the Superior Court of Cook County, Illinois, and the case was removed to the district court below. The Travelers Fire Insurance Company was joined as a co-defendant on the theory that if no coverage was provided by that Hartford policy, then Travelers was negligent in failing to procure a fire policy from Hartford for the plaintiff. A jury awarded $10,750.00 damages to Howard in its action against Hartford. That judgment is brought here on review as case number 11075 by Hartford seeking reversal because the district court denied its several motions for: (i) a directed verdict, made at the usual junctures during a trial on the merits, (ii) judgment notwithstanding the verdict and, (iii) a new trial. In this same appeal, plaintiff is a cross-appellant challenging the district judge's refusal to allow it, Howard, recovery of attorney fees from Hartford. Case number 11076 is Howard's appeal from an adverse verdict

rendered by the same jury in favor of the co-defendant Travelers Fire Insurance Company. We continued Traveler's motion to dismiss appeal number 11076; taking it with the case for disposition. It is treated in this opinion.

Hartford's appeal in 11075 pivots on its fire insurance policy number 205910 covering plaintiff's property " * * * situated on and confined to 166 acres in * * * Section *15* Township 45 Range 8 County of McHenry State of Illinois." Scheduled in this policy, for specific sums, are these buildings protected for the assured-plaintiff: "2½ story app. roof frame Dwelling House * * * Private Garage and Tool House * * * Chicken House * * * App. roof frame Barn and Sheds * * * solid cement Silo * * * " (italics supplied). It is undisputed that plaintiff suffered a loss by fire which destroyed a barn and two silos, in Section *22*, Twp. 45 N. Range 8, E. 3rd P. M., situated on its *Schaefer* (also known as Bohr) farm. But, plaintiff also owned several other farms, including one known as the *Justen* farm, the buildings of which were located in Section 15, Twp. 48, N. R. 8 East of the 3rd P. M. Acreage of the Bohr and Justen farms ran over into both sections 15 and 22. Plaintiff grounds its claim of recovery from Hartford on the aforesaid policy asserting that this contract of insurance sufficiently identified the *Schaefer-Bohr* farm, so that buildings situated on it were covered when the loss occurred. Hartford resists this claim because, it contends, the policy described plaintiff's buildings located on its Justen farm and there was, in fact, no fire at that place. Obviously, no question exists as to the physical site of the destroyed buildings. The core question is whether plaintiff was insured against the loss of structures in Section *22* though Hartford's policy 205910 describes acreage and buildings as located in Section *15*.

■ Both litigants agree Illinois law is determinative here and cite us to decisions of varying vintage reported by the Appellate Court of Illinois; an intermediate tribunal. Yet we are con- strained to follow an earlier benchmark set in Ballard v. Citizens Cas. Co., 7 Cir., 1952, 196 F.2d 96, 100, by adhering to the guide announced in West v. American Telephone and Telegraph Co., 1940, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139:

> "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

■ Of course we are unable to predict whether the Illinois Supreme Court would, or will, depart from, or adhere to, the holding reported by the Appellate Court as Niedringhaus v. Aetna Life Insurance Co., 1925, 235 Ill.App. 335. Yet Hartford relies heavily upon that decision and plaintiff responds by enthusiastically extracting a rule from the identical opinion, urging that proposition as virtually determinative of Howard's position here. But plaintiff proceeded on the theory that the policy of insurance, on which it grounds this claim against Hartford, is sufficiently supple to cover the loss by fire of buildings located within Section 22. Consequently, at the trial below, plaintiff introduced evidence of events in competition with the written description, Section 15. By their verdict, the jury fitted the loss of buildings situated in Section 22 into this policy which mentions structures in Section 15. Hartford refrains from voiding policy No. 205190, and simply denies liability under that contract of insurance because there was in fact no fire, or loss occasioned thereby, to buildings in Section 15. Testimony of plaintiff's comptroller, since 1936, establishes that he received policy 205190 sometime in March 1946 and he read it over; it also appears from evidence given by this witness that he had access to the policy. Pollock v. Connecticut Fire Insurance Company, 1935, 281 Ill.App. 305, affirmed, 1936, 362 Ill. 313, 322, 199 N.E. 816, Lumber Underwriters

of New York v. Rife, 1915, 237 U.S. 605, 35 S.Ct. 717, 59 L.Ed. 1140.

Plaintiff would have us ignore the clear recital of acreage and section number in the policy. On the state of this record we think it unnecessary to narrate evidence presented below purporting to demonstrate intention of the contracting parties, or of a unilateral or mutual mistake. We hold that judgment should have been entered in favor of Hartford Fire Insurance Company *non obstante veredicto* [Pringle v. Gulf, M. & O. R. Co., 7 Cir., 1954, 212 F.2d 632] under the motion filed by that defendant at the trial level. In the absence of an ambiguity in policy 205190 it was beyond the province of the jury in this action at law, to reform or, indeed, apply that policy to the fire loss sustained by plaintiff. In reaching this disposition we fully considered all plaintiff's contentions, including those bottomed on the binder, its argument concerning general principles involved when interpreting policies of insurance, and the inapposite case, German Insurance Co. v. Miller, 1890, 39 Ill.App. 633.

 Allowance or disallowance of attorney fees under Ill.Rev.Stat.1953, § 155 of the Illinois Insurance Code, Ill. Rev.Stat.1953, chap. 73, par. 767 is a matter vested in a trial judge. Nor would we disturb the district judge's exercise of judgment and discretion on the face of this record, and therefore affirm the denial of plaintiff's motion for attorney fees.

In appeal number 11076, plaintiff, as cross-appellant, urges that the final judgment entered on the jury's verdict finding the issues for Travelers is vulnerable owing to a particular instruction given, and one that was refused. After examining the Supplement to Volume II, stenographic transcript of proceedings, we are satisfied that plaintiff failed to properly comply with Rule 51, Fed.Rules Civ.Proc., 28 U.S.C.A., thereby disqualifying its assignment of errors concerning jury instructions.

We do not reach the motion (already mentioned) to dismiss the appeal taken by plaintiff in case 11076, because after examining the underlying record found free of reversible error it is our opinion that the jury's verdict should be left undisturbed.

Judgment entered below for plaintiff Howard Foundry Company against Hartford Fire Insurance Company, appeal number 11075 is reversed and the order denying plaintiff's motion for allowance of attorney fees is affirmed.

The final judgment in case number 11076 in favor of The Travelers Fire Insurance Company against Howard Foundry Company is

Affirmed.

DUFFY, Chief Judge, concurs in the result.