GENERAL CASUALTY COMPANY OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM OLSEN *et al.*, Defendants.—(CARL ENGEL, Defendant-Appellant.)

Second District   No. 76-310

Opinion filed December 29, 1977.—Rehearing denied March 8, 1978.

J. Robert Murphy, of Murphy, Griffin & Dixon, of Aurora, for appellant.

Peter Grometer, of Alschuler, Putnam, McWethy, Weiss & Weiler, of Aurora, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is a declaratory judgment action brought by General Casualty Company seeking a determination of coverage under a home owner's

insurance policy issued to William A. and Judith A. Olsen, defendants. Carl A. Engel, a minor, also a party herein brought a separate action by Alex Engel, his father, against the Olsens for injuries sustained as will be explained hereinafter. The Olsens were defaulted and judgment confessed against them in this action. The trial court entered a declaratory judgment finding that the policy of insurance in question does not cover, apply to, or protect the Olsens and further that General Casualty was not required to defend the action or pay any judgment which might be entered against the Olsens. The defendant-appellant, Carl Engel, appeals.

The appellant presents two issues to this court. First, whether certain exclusions in the insurance policy are ambiguous and whether General Casualty sustained its burden of proving that the facts pertaining to the minor's injuries were such as to bring them within those exclusions. Secondly, whether the finding of the trial court is against the manifest weight of the evidence.

The facts of this case are important for the determination of the issues presented herein. General Casualty issued a homeowner's policy covering the "south side of North St 5th house W of Main St of Bristol, Kendall County." The Olsen property consists of two lots fronting to the north on North Street. The two lots are bisected by a dedicated but totally undeveloped street known as West Street. South of the two lots owned by the Olsens we find property owned by Commonwealth Edison Company. This property extends from the southerly boundary of the Olsen property 160 to 165 feet to the wire fence of the Burlington Northern Railway. The Commonwealth Edison property was apparently somewhat maintained by the Olsens. On the easterly Olsen lot we find an oblong oval dirt track used for the operation of mini-bikes. This oval track extends southerly over the Commonwealth Edison property to a point fairly close to the fence line of the Burlington Northern Railway. On the day in question the minor, Carl Engel, went to the Olsen property and was operating a mini-bike owned by the Olsens. He lost control of the mini-bike while going south on the track in question and ran into the fence separating the Commonwealth Edison property from that of the Burlington Northern Railway. The actual impact or accident occurred about 4 to 4½ inches within the Burlington Northern property. The reason for the instant declaratory judgment action is to determine whether General Casualty is obligated under the terms of the homeowner's policy to defend the action of Engel against the Olsens.

■■ We turn first to the contention which is raised by the plaintiff, General Casualty, that defendant Engel may not raise the question of the ambiguity of the policy herein inasmuch as he is not a party to the insurance contract. In support of this contention General Casualty has cited *Larson v. McCormack* (1936), 286 Ill. App. 206, 2 N.E.2d 974. We do

not find that case controlling nor do we find it to be the law in Illinois. At the outset it is to be noted that Engel is made a party to these proceedings by General Casualty in the complaint before us. This issue has been squarely presented to the Supreme Court of Illinois in *Williams v. Madison County Mutual Automobile Insurance Co.* (1968), 40 Ill. 2d 404, 407, 240 N.E.2d 602, 604, wherein the court specifically stated:

> "Injured claimants are proper parties to such an action and have been held to have been necessary parties to such suit."

More recently, in *M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 363 N.E.2d 809, the supreme court was presented with a factual situation analogous to the instant case. In that proceeding Harold W. Miller and his wife brought suit against Cheek and Valleroy as a result of an automobile accident. The insurance company brought a declaratory judgment against Cheek, Valleroy and the Millers. The trial court entered default judgments against Cheek and Valleroy, the insureds, as in the case before us, and the insurer contended that the trial court could not render judgment on the merits against it in favor of the Millers. The supreme court held that:

> "Mr. and Mrs. Miller, plaintiffs in the action against Cheek and Valleroy, were necessary parties defendant to this action by the insurers. [Citing *Williams, supra.*] They had a substantial right in the viability of the policy. This could not be defeated by the failure of Cheek and Valleroy to appear in these proceedings." (66 Ill. 2d 492, 495, 363 N.E.2d 809, 811.)

This is the exact situation here and we find that since the defendant Engel is a necessary party to this proceeding and had a "substantial right" in the viability of the policy he can properly argue the alleged ambiguity of the policy exclusion.

We next consider whether the terms of the insurance policy are ambiguous. The trial court found that the mini-bike was a recreational vehicle and that the accident occurred "away from" the "residence premises." The issue presented herein is the proper interpretation of the words "away from" and the definition of "residence premises". The exclusion at issue provides that the policy does not apply to bodily injury or property damage arising out of the maintenance or use of any recreational motor vehicle if the bodily injury or property damage occurs "away from" the "residence premises." The "residence premises" are defined as:

> "(1) a one or two family dwelling building, appurtenant structures, grounds and private approaches thereto * * * provided that such premises is used as a private residence by the Named Insured or his spouse but excluding any portion of the premises used for business purposes."

As to the alleged ambiguity, appellant Engel argues first that the

accident which resulted in his injury took place as much on the Olsen property as not on it. The basis for this argument is that Engel started his ride on the mini-bike on the Olsen property and drove off of it to where the accident occurred. (Some 165 feet to the south.) The appellant points out that there is no legal description found in the policy. Appellant further argues that a common sense reading of the policy would show that while the injury did not occur on the legally owned property of the Olsens, it did not occur "away from" the residence premises. Finally, the appellant contends that only by restricting "injury" and "occurs" to the particular point of impact; and by restricting "away from" to a meaning of "not on"; and by restricting "residence premises" to "legally owned Olsen property" can the policy exclusion be made to apply. In sum, the appellant contends that each of these choices of alternate meanings constitute ambiguity, which the trial court erroneously resolved in favor of the insurance company, contrary to judicial precedent. In support of this contention appellant states that in determining the significance of ambiguity in an insurance contract the court should consider the purpose sought to be accomplished; the situation of the parties; the subject matter of the contract; and the circumstances surrounding the issuance of the policy. He concludes that ambiguous provisions should be construed strongly against the insurer who drafted the same. In support of his argument appellant has cited a case from United States District Court in Arkansas, *St. Paul Fire & Marine Insurance Co. v. Coleman* (W. D. Ark. 1962), 204 F. Supp. 713, *aff'd* (8th Cir. 1963), 316 F.2d 77. In that case the policy in question excluded injuries which occurred "away from the premises" of the insured. The plaintiff there filled the gas tank of his boat at the dock of the insured and as he drove or floated some 73 feet away from the dock, the boat caught on fire. The Federal court held that the word "premises" has many meanings and usages and rather blandly stated:

> "* * * that the policy should apply to accidents, the cause of which originated at the fueling dock * * and culminated in damages before the boat departed *from the premises* used by the insured in the operation of the business." (Emphasis added.) (204 F. Supp. 713, 721.)

We have some difficulty in following this reasoning, as the facts of the case disclose that the damage sustained was the fire in the boat which occurred 73 feet from the premises owned by the insured, but we agree with the finding of the court nonetheless. The court further observed in that case that:

> "Manifestly, the meaning of the word [premises] in one connection may be radically different than in another." (204 F. Supp. 713, 721.)

With this latter statement we certainly agree.

General Casualty has presented various authorities from other jurisdictions dealing with the interpretation of "away from" and similar words found in various policies of insurance, such as "immediately adjoining," "immediately adjacent" and "on or about." We do not find them to be controlling under the factual situation before us. In *Hultquist v. Novak* (1938), 202 Minn. 352, 278 N.W. 524, the injury occurred on their home premises, two blocks away from the gasoline station where the boys purchased the gasoline. In *Travelers Indemnity Co. v. Bohn* (Mo. 1970), 460 S.W.2d 642, suit was brought under the homeowner's policy covering property 850 feet and 16 houses from the Bohn property on the basis of "ways immediately adjoining." The court, of course, held there was no coverage. In *Long v. London & Lancashire Indemnity Company of America* (6th Cir. 1941), 119 F.2d 628, a motorcycle policeman was injured when he fell from his motorbike as a dog was chasing him, some 60 feet from the homeowner's property. There was no contiguity and no relation to the premises or the dog to the homeowner and the court, of course, found that the policy did not cover the injury. We find no Illinois cases directly in point and, therefore, make our own determination of the meanings of the words in question.

While there is some disparity of decisions regarding the interpretation of the words "away from" and "residence premises", we find, under the facts of this case, that the policy exclusion at issue here dealing with the interpretation of the words "away from" and the definition of "residence premises" is, in fact, ambiguous. It is true that the policy in such a case as this should be examined in its entirety, and where the meaning is clear and unequivocal, the courts should not find the same to be ambiguous. On the other hand, where an ambiguity does exist requiring the determination of the issues presented, the courts have repeatedly held that such ambiguity must be resolved in favor of the insured. The reasoning for this rule is that it is the insurer's experts who draft the policy provisions while the insured must accept it as written. We do not find it necessary to cite decisions to this effect as this proposition has literally been ruled upon dozens of times by the courts of this State.

■■ In the case before us the defendant, Engel, was on the premises of the Olsens, riding a mini-bike furnished by them and while driving southerly on the Olsen property and onto the Commonwealth Edison property, either the mini-bike malfunctioned or Engel improperly operated it, resulting in his injury. Under these facts we find that "away from" the "residence premises" means not logically connected with the area utilized for the residential uses of the insured. The mini-bike track in question was clearly used in its entirety for the Olsen's residential recreational purposes. The injury to the defendant Engel is connected logically and causationally with such use. We conclude that the parties

intended that the policy would afford coverage under the facts of this case.

■■ While not necessary for our decision herein, we will consider whether the issue presented by the appellant Engel that the judgment is against the manifest weight of the evidence. In support of this argument the appellant contends that the trial court erroneously found the mini-bike in question to be a recreational motor vehicle. This argument is without merit. In the complaint filed by Carl Engel against William and Judith Olsen, which is attached to the declaratory judgment complaint herein, we find that appellant Engel described the mini-bike as "* * * being a motor driven, two-wheeled vehicle often used for recreational purposes, but not licensable for use upon the public highways or the State of Illinois." The finding of the trial court that the mini-bike in question was a recreational vehicle is perfectly proper and is not against the manifest weight of the evidence nor does it affect our decision herein.

It is therefore directed that the order of the trial court declaring that the policy herein did not afford coverage be reversed and an order be entered declaring that the policy of insurance did effect coverage with respect to the injuries suffered by the defendant Engel. We further find that the appellant is required to furnish a defense to William A. and Judith Olsen in the suit commenced by Carl Engel in the 16th Judicial Circuit, Kendall County, Illinois, cause No. 74-L-12. We further find it is the obligation of General Casualty to pay any possible judgment that may be entered therein against the defendant, William A. and Judith Olsen.

Reversed and remanded with instructions.

SEIDENFELD and NASH, JJ., concur.