In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2751

NORMAN E. SCHUCHMAN AND
GLENNA SCHUCHMAN,

*Plaintiffs-Appellants*,

*v.*

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 10 C 01024 — **David R. Herndon**, *Chief Judge*.

ARGUED DECEMBER 4, 2012 — DECIDED OCTOBER 23, 2013

Before BAUER and HAMILTON, *Circuit Judges*, and THARP,
*District Judge.*[*]

---

[*]Of the Northern District of Illinois, sitting by designation.

THARP, *District Judge*. In September 2000, Norman and Glenna Schuchman purchased homeowner's insurance from State Auto Property and Casualty Insurance Company ("State Auto") to insure a residence in Junction City, Illinois. Almost ten years later, a fire severely damaged the insured house and the Schuchmans asserted a claim against the homeowner's policy State Auto had issued. After a lengthy investigation, however, State Auto denied the Schuchmans' claim on the basis that the Schuchmans were not residing on the "residence premises," as that term is defined by the policy, and because the Schuchmans were maintaining a residence other than at the "residence premises," in violation of the policy's Special Provisions. The Schuchmans argue that the term "residence premises" is ambiguous and so should be liberally construed in favor of coverage. We agree and, accordingly, we reverse the district court's entry of summary judgment in favor of State Auto.

## I.      Background

### 1. The Schuchman Property

On November 10, 1980, Glenna (née Reed) Schuchman purchased a parcel of land in Junction City, Illinois. The parcel was, and is, a contiguous tract of land consisting of eight lots, Numbers 9 through 16, of Block 45 of Junction City. The parcel is situated at the corner of West 14th Street and Madison Avenue. The southern boundary of the parcel, which runs along West 14th Street, is 150 feet wide. The parcel extends 400 feet north with Madison Avenue at its eastern boundary. In all, the property covers less than one and a half acres.

When Ms. Schuchman purchased the parcel, a single house was situated on the southern end of the property facing West 14th Street and the parcel's southern boundary. Ms. Schuchman moved into this house after purchasing the property. In 1983, she married Norman Schuchman, who subsequently moved into the house with her. At this time, the house had the mailing address, "Rural Route #1."

In the late 1980s and early 1990s, Ms. Schuchman moved two mobile homes onto the property—one for her mother and the other for her stepfather. These mobile homes were together assigned a single mailing address, "Rural Route #2." Sometime before 1993, however, the house and mobile homes were each assigned new mailing, or street, addresses. The house was assigned the address, "109 West 14th Street." One mobile home was assigned "1406 Madison Avenue," and the other "1408 Madison Avenue." So far as the record reflects, the Schuchmans had nothing to do with the assignment of these addresses.

The Schuchmans never sold or severed any portion of the property. No physical barriers divide the lots or structures on the parcel. The property is not taxed by lot or address; to the contrary, the entire contiguous tract is identified by a single Property Index Number and the Schuchmans pay property tax based on the parcel as a whole. Separate title searches for 1408 Madison Avenue and 109 West 14th Street both return the same tract of eight contiguous lots owned by the Schuchmans.

On September 8, 2000, the Schuchmans submitted an application for homeowner's insurance to State Auto through an insurance broker, Michael Wethington and his firm Hudson-Gray Insurance Agency, Inc. The application

listed 1408 Madison Avenue as the Schuchmans' mailing address and 109 West 14th Street as the location of the property to be insured. On the application, the Schuchmans indicated that the house at 109 West 14th Street was owner-occupied by marking an "X" in the appropriate box. In response to a question whether they owned, occupied, or rented any other residence, the Schuchmans answered by marking an "X" in the box marked "No." State Auto issued an insurance policy to the Schuchmans, and coverage under that policy was thereafter continued year to year.

Sometime before 2004, the Schuchmans moved two additional mobile homes onto the property near the mobile home bearing the 1408 Madison Avenue address; these new trailers shared the 1408 Madison address. The Schuchmans then moved from the house at 109 West 14th Street into these new mobile homes. At this time, Mr. Wethington informed Ms. Schuchman that the mobile homes would not be covered by the State Auto policy because State Auto did not insure mobile homes. The Schuchmans therefore purchased a separate policy from another company to insure the trailers. In that same conversation, however, Mr. Wethington also informed Ms. Schuchman that, so long as the Schuchmans continued to reside on the property, the house at 109 West 14th Street would continue to be covered by the State Auto policy.

At about the time the Schuchmans moved into the new mobile homes, their son Richard moved into the house, where he lived until late 2008. After Richard moved out, the Schuchmans shut off the water and gas service to the house. Ms. Schuchman would occasionally enter the house to retrieve items stored there and to generally check on the

condition of the building, but at no time after 2008 did the Schuchmans spend the night or cook or eat meals in the 109 West 14th Street house. The Schuchmans' plans were to stay in the mobile homes indefinitely; and although the Schuchmans "kicked" around some ideas of what to do with the house, including tearing it down or selling it, they never made any concrete plans.

In the early hours of May 23, 2010, a fire broke out at the 109 West 14th Street house, severely damaging the building and its contents. The Schuchmans filed a claim with State Auto under their homeowner's insurance policy to cover the damage to the house. After a lengthy investigation, State Auto agreed to provide coverage for the contents of the house, as the policy covered personal property "anywhere in the world." However, State Auto denied coverage for damage to the house itself on the basis that "the home at 109 W. 14th Street was not being used as [the Schuchmans'] 'residence premises,' as that term is defined in the insurance policy." Complaint, Dkt. 2-2, Ex. B at 2. State Auto also denied coverage for the building on the basis that the Schuchmans had violated the Special Provisions of the policy which required that the "residence premises" be the only premises where the Schuchmans maintained a residence.

### 2. The State Auto Homeowner's Policy

With this background in mind, we turn to the relevant provisions of the State Auto policy. Under "SECTION I – PROPERTY COVERAGES," the policy states that, "1. We [(State Auto)] cover: a. The dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling."

Under "DEFINITIONS," Section B.11 defines the term "residence premises" as:

> a. The one family dwelling where you reside;
>
> b. The two, three or four family dwelling where you reside in at least one of the family units; or
>
> c. That part of any other building where you reside;
>
> and which is shown as the "residence premises" in the Declarations.
>
> "Residence premises" also includes other structures and grounds at that location.

The Declarations page of the policy, amended June 28, 2010, states, as follows:

> THE PREMISES COVERED BY THIS POLICY IS LOCATED
>
> 109 WEST 14TH ST JUNCTION CITY, IL 62882
>
> RATING INFORMATION – FORM 3, FRAME, CONSTRUCTED IN 1945, SECURGARD, PRIMARY RESIDENCE, PROTECTION CLASS 06, TERRITORY 051, FEET FROM HYDRANT 1000, FIRE STATION 3 MILES, $500 SECTION I LOSS DEDUCTIBLE, 1 FAMILY, INSIDE CITY.

The "Special Provisions" of the policy set forth and require:

> (a) The described dwelling is not seasonal; (b) no business pursuits are conducted on the

described premises; (c) the **residence premises** [emphasis in original] is the only premises where you maintain a residence other than business or farm properties; (d) the Insured has no full time residence employee(s); (e) the Insured has not [sic] outboard motor(s) or watercraft otherwise excluded under this policy for which coverage is desired. Exception, if any, to (1), (b), (c), (d) or (e) entered in Special Provisions section on Declarations. Absence of an entry means "no exceptions."

*3. Procedural Background*

After State Auto denied their claim for damage to the house, the Schuchmans filed suit in the Circuit Court of Marion County, Illinois. Their complaint set forth three counts. Count I was an action for a declaratory judgment, asking the court to declare that the plaintiffs were entitled to coverage for the repair and replacement of the 109 West 14th Street house. Count II was an action for damages, alleging that State Auto was in breach of the insurance policy and seeking punitive damages. Count III sought damages from State Auto pursuant to Section 155 of the Illinois Insurance Code, 215 ILCS 5/155.

State Auto removed the action to the United States District Court for the Southern District of Illinois, pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332(a). The parties filed cross-motions for summary judgment, and on July 3, 2012, the district court entered summary judgment in favor of State Auto on all counts and denied the Schuchmans' motion for summary judgment. The

Schuchmans then timely filed this appeal, seeking reversal of the district court's grant of summary judgment to State Auto.

## II.        Analysis

We review *de novo* the district court's grant of summary judgment and construction of the insurance policy. *Grinnell Mut. Reinsurance Co. v. Haight,* 697 F.3d 582, 585 (7th Cir. 2012) (citing *Auto-Owners Ins. Co. v. Munroe,* 614 F.3d 322, 324 (7th Cir. 2010)). The parties agree that Illinois law governs the interpretation of the policy. As such, "[i]n construing the policy, our primary objective is to ascertain and give effect to the parties' intentions as expressed by the words of the policy." *Id.* (citing *Rich v. Principle Life Ins. Co.,* 226 Ill. 2d 359, 371, 875 N.E.2d 1082, 1090 (2007)). Like any contract under Illinois law, "an insurance policy is construed according to the plain and ordinary meaning of its unambiguous terms." *Auto-Owners Ins. Co.,* 614 F.3d at 324 (citing *Nicor, Inc. v. Associated Elec. & Gas,* 223 Ill. 2d 407, 416, 860 N.E.2d 280, 286 (2006)). We conclude, however, that the principal term at issue here—"residence premises"—is ambiguous.

This case turns on whether the Schuchmans resided on the "residence premises" at the time of the fire. The parties agree that the Schuchmans had to reside on the "residence premises" in order for coverage under the policy to be effective. They also agree that the Schuchmans were not residing at the 109 West 14th Street house at the time of the fire, but at the 1408 Madison Avenue mobile homes. The critical question, then, is whether "residence premises," as defined by the policy, encompasses those mobile homes. If "residence premises" includes the mobile homes, the

Schuchmans were residing on the "residence premises" at the time of the fire, and the damage to the house is covered by the policy. If "residence premises" excludes the mobile homes, however, the Schuchmans were not only residing somewhere other than the "residence premises," but also maintaining a residence other than at the "residence premises" in violation of the Special Provisions. In that case, the policy would not cover the fire damage to the house.

The policy defines "residence premises" as the dwelling where you reside (whether single family or multi-unit) or "that part of any other building where you reside … and which is shown as the 'residence premises' in the Declarations." It also includes "other structures and grounds at that location." Apart from directing us to the policy Declarations, this definition tells us that "the residence premises" is not a building, but a "location" on which there may be multiple buildings, and that the insured may "reside" in any such building that is included within the "residence premises" shown in the policy Declarations.

Turning to the Declarations page, we learn that the "premises" covered by the policy is located at "109 West 14th Street, Junction City, Illinois." But the Declarations page does not define the boundaries of that address. The subsequent description of the insured structure as a frame construction single-family residence confirms that the house associated with that mailing address is the covered dwelling. But because we know (from the policy definition) that "residence premises" includes "other structures and grounds at that location," we know that "residence premises" is not limited to that house. We can therefore conclude that the "residence premises" consists of the

insured frame construction single-family house and any other structures and grounds located at 109 West 14th Street.

So what other structures and grounds, if any, were within the location defined by "109 West 14th Street"? The Schuchmans contend that the address comprises the entirety of the single undivided and contiguous plot of land that Ms. Schuchman purchased in 1980, and so includes the mobile homes. State Auto maintains, and the district court agreed, that the mobile homes could not have been located on the premises of 109 West 14th Street because they had a different mailing address—namely, 1408 Madison Avenue.

If the mailing address in the policy defined a single building, it would be hard to quarrel with State Auto's logic. But as we have already seen, the mailing address "109 West 14th Street," as used in the policy, was intended to define a *location*, not an individual building. And there's the rub. The implicit premise of the insurer's argument is that the location—that is, the area of land—defined by one mailing address cannot include within it a structure that has another mailing address. It offers no authority for the proposition, however, and the validity of the premise is not self-evident. Consider office and apartment buildings, for example. They bear street addresses comprising the entire building but comprise distinct offices and apartments that frequently bear individual addresses. Indeed, the policy appears to have expressly contemplated the possibility of multiple addresses on the residence premises, in that it was written to cover either a single or multi-unit dwelling. The Schuchmans could have converted the house into separate apartments with distinct addresses (*e.g.*, 109-A, 109-B, and 109-C)

without compromising their policy coverage,[1] so it is difficult to understand why moving into a mobile home near the house would do so.

State Auto concedes that "Plaintiff may have an argument if the 1408 Madison address had been a part of the 109 West 14th Street lot in September 2000, when the policy was issued." Resp. Br. at 17. But, it insists, by that time 109 West 14th Street and 1408 Madison Avenue "were two distinct properties." That assertion is difficult to square with the fact (undisputed by State Auto) that a title search for either address—109 West 14th Street or 1408 Madison Avenue—returns the entire contiguous tract of land owned by the Schuchmans. So far as the record reveals, both mailing addresses, while assigned to specific structures on the property, still refer to the same "grounds" or "location"; the assignment of multiple postal addresses to structures on the property did not, and could not, divide the parcel into separate lots as State Auto maintains.

Not surprisingly, then, State Auto doesn't tell us where the grounds associated with "109 West 14th Street" end, and those associated with 1408 Madison Avenue begin. It can't. The insurer has created a circular ambiguity by using a mailing address for a purpose it was never intended to serve—namely, for defining the metes and bounds of a piece of property. Here is what the policy tells us: (1) the "residence premises" is located at 109 West 14th Street; (2) 109 West 14th Street is the "residence premises."

---

[1] We ignore as irrelevant to this point any complications that rental or commercial use of the property might introduce to the question of coverage under the policy.

As this case illustrates, a mailing address is ill-suited to the role of defining property lines. Consider two neighbors who have mailing addresses of 101 and 103 Oak Street, respectively. The postal carrier knows at which structure to leave mail using these respective addresses, but standing alone, those addresses would not tell a utility worker through what property to run a new line when responding to a service request at one of the homes. Perhaps there would be a fence around the perimeter of the property, or a survey of the lot on which the house is located, or other information that would reveal the boundaries of the respective properties, but the point is that the mailing address alone would not provide sufficient guidance. It does not suffice here, either.

State Auto also contends that because the policy distinctly identifies the insured premises as a "frame" construction dwelling at 109 West 14th Street, the policy cannot reasonably be interpreted to include mobile homes with a different mailing address. This argument misses the mark entirely. There is no question that the insured dwelling was the house bearing the mailing address 109 West 14th Street; that was, as reflected on the Declarations page, a frame-construction, single-family home. This is not a dispute about whether there was coverage under the policy for the mobile homes in which the Schuchmans were living; the issue here is not the identity of the insured dwelling but whether the Schuchmans were residing elsewhere on the "residence premises," which is a condition to the policy's coverage of the house.

State Auto's misplaced reliance on *Howard Foundry Co. v. Hartford Fire Ins. Co.*, 222 F.2d 767 (7th Cir. 1955) serves only

to highlight the reason that the policy in this case is ambiguous. In *Howard Foundry*, the "core question" before the court was "whether plaintiff was insured against the loss of structures in Section 22 [Twp. 45 N. Range 8, E. 3rd P.M., situated on the "Schaefer-Bohr" farm]," even though the insurance policy at issue described the insured premises only as the "acreage and buildings … located in Section 15 [Twp. 48, N.R. 8 East of the 3rd P.M., situated on the "Justen" farm]." *Id.* at 769. Buildings situated in Section 22 had been damaged by fire, while the structures in Section 15 had not. But because acreage of the Schaefer-Bohr and Justen farms extended into both Sections 15 and 22, the plaintiff argued that the Hartford policy "sufficiently identified the Schaefer-Bohr farm, so that buildings situated on it were covered when the loss occurred." *Id.* The Seventh Circuit concluded, however, that the plaintiff's argument would require the court to "ignore the clear recital of acreage and section number in the policy." *Id.* at 770. Unlike the State Auto policy at issue here, the policy in *Howard Foundry* clearly and unambiguously identified the insured premises with a legal description of its boundaries, rather than a mailing address that did not. Had the State Auto policy defined the premises by reference to a specific lot, as in *Howard Foundry*, this ambiguity could have been avoided.

The policy language here is more akin to that considered by the Illinois Appellate Court in *General Casualty Co. of Illinois v. Olsen*, 372 N.E.2d 846 (2d Dist. 1977). There, the court confronted a policy definition of the term "residence premises" that, like the definition in State Auto's policy, did not use a legal description of the property covered that clearly described the metes and bounds of the residence premises. Consequently, when required to consider whether

an accident had occurred "away from" the residence premises, the court found the term ambiguous and construed the term in favor of coverage. *Id*. at 850. State Auto's attempt to distinguish *Olsen* by arguing that the description of the residence premises there was less specific than in this case is entirely unconvincing; in both cases, the critical ambiguity arose from the policy's failure to delineate clearly the boundaries of the residence premises and to rely instead on an ambiguous reference to the "grounds" surrounding a specific house.

We conclude, then, that the meaning of "residence premises" is ambiguous. As a fallback position, State Auto argues that any textual ambiguity as to the meaning of that term can be clarified by reference to evidence of "the intent of the parties … with due regard to the risk undertaken, the subject matter that is insured, and the purposes of the entire contract." *Indiana Ins. Co. v. Pana Comm. Unit School Dist. No. 8*, 314 F.3d 895, 900 (7th Cir. 2002). And while it is true that ambiguous language in an insurance contract is construed against the insurer, that rule applies "only if the language of the policy is ambiguous after application of other principles or canons of interpretation … and only if the ambiguity cannot otherwise be resolved. In other words, the rule of liberal construction in favor of the insured is a rule of last resort which must not be permitted to frustrate the intention the parties have expressed, if that can otherwise be ascertained." 16 WILLISTON ON CONTRACTS 49:16 (4th ed.); *see also, e.g.*, *CAN Casualty of California v. E.C. Fackler, Inc.*, 836 N.E.2d 732, 736 (Ill. App. Ct. 2005) (if court finds ambiguity in insurance contract, "we may consider parol evidence to resolve the ambiguity. Any unresolved ambiguity will be construed against the insurer.").

Unfortunately for State Auto, resort to parol evidence concerning the parties' intentions confirms, rather than resolves, the ambiguity in the meaning of "residence premises" under the policy. For starters, when the Schuchmans first applied for homeowner's insurance with State Auto, they used 1408 Madison Avenue as their mailing address, even though they did not at that time reside in the trailer to which that address had been assigned, suggesting that they did not view that address as defining a distinct piece of property. State Auto counters the Schuchmans indicated on their application that the 109 West 14th Street house would be owner-occupied and that they did not own, occupy, or rent any other residence; therefore, the insurer argues, it was clearly the intent of the parties that State Auto would only cover the occupied dwelling at 109 West 14th Street. But—again—the question is not which dwelling was covered by the policy, but whether the assignment of a distinct mailing address to the mobile homes on the property placed them outside the boundaries of the "residence premises." And it would have made little sense for the Schuchmans to list a separate mailing address while also indicating that they did not own another residence, unless they considered both mailing addresses to be assigned to a single property.

Further, when the Schuchmans moved out of the 109 West 14th Street house and into the 1408 Madison Avenue mobile homes, Mr. Wethington, their insurance broker, informed the Schuchmans that so long as they resided on the "property," the house at 109 West 14th Street would be covered under the State Auto policy. In devoting almost three pages of their brief to establishing that Wethington was not its agent, State Auto misapprehends the import of

this evidence: Wethington's statements are not significant because they bind State Auto, but because they show that the Schuchmans understood the residence premises to include the entire contiguous parcel. What is more, they highlight the term's susceptibility to more than one reasonable interpretation; Wethington, an experienced insurance broker, viewed the policy's residence requirement in the same way that the Schuchmans did.

State Auto counters that, because the Schuchmans were specifically informed by Mr. Wethington that they would need to take out a separate policy to insure the 1408 Madison Avenue mobile homes, it would have been unreasonable for the Schuchmans to assume that State Auto intended the 1408 Madison Avenue mobile homes to be part of the "residence premises." This argument falls short for several reasons. First, Wethington explained to the Schuchmans that the mobile homes needed a separate policy not because they were not part of the residence premises but because State Auto does not insure mobile homes. Second, and relatedly, State Auto again confuses the issues of coverage under the policy and residency. The Schuchmans do not argue that the mobile homes are covered by the policy; their argument is that when they moved to the mobile homes, they continued to reside in structures within the insured "residence premises" and therefore the coverage they purchased and paid premiums on for a decade remained in force.

Which brings us to the most telling evidence of the Schuchmans' understanding of the policy: they continued to pay premiums on the policy for some six years after they moved out of the house and into the mobile homes parked nearby. To hear State Auto tell it, the Schuchmans were

throwing their money down the drain by doing so, but we doubt very much that was the Schuchmans' understanding. We don't agree with the Schuchmans' argument that State Auto had affirmative duties to investigate their residency on the premises in view of their use of a different mailing address, but whatever State Auto's knowledge or understanding of the Schuchmans' residency and the policy language, it is clear that it never gave the Schuchmans any inkling that the existence of other mailing addresses on the property had any potential to compromise their coverage of the house under the policy. It is plain that the Schuchmans always viewed the property as a single unit. That view was not unreasonable—indeed, it is consistent with the legal specifications defining the property. And there is no countervailing evidence to suggest that State Auto ever regarded the property as separate parcels.

As its last hurrah, State Auto argues that construing the policy to provide coverage would "lead to absurd results" by allowing property owners to subdivide their property but insure it in its entirety through a single policy. The short answer to this unlikely scenario is that State Auto and other insurers can easily prevent it simply by defining the insured premises with adequate precision. That should not be difficult; legal descriptions of properties are readily available. Moreover, a legal description is not required; the policy merely needs to define the boundaries of the premises by terms that can be readily understood and applied. Defining the "residence premises" solely by reference to a postal address where the insured dwelling sits on an undivided parcel of land that has multiple postal addresses associated with it, however, falls short of this mark.

"[T]he insurer has the capacity to draft intelligible contracts." *Gillen v. State Farm Mutual Auto Ins. Co.*, 830 N.E.2d 575, 583 (Ill. 2005). With respect to the "residence premises," State Auto failed to do so and none of the evidence they point to resolves the ambiguity inherent in using a mailing address to define the boundaries of a piece of property. "Where ambiguity … exist[s], the policy will be construed strictly against the insurer, who drafted the policy," *Nicor, Inc.*, 223 Ill. 2d at 417, 860 N.E.2d at 286 (citing *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 293, 757 N.E.2d 481, 491 (2001)), "and liberally in favor of coverage for the insured." *Id.* (citing *Hobbs v. Hartford Insurance Co. of the Midwest,* 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005)). Accordingly, pursuant to Illinois law, we liberally construe the term "residence premises" in favor of the insureds to encompass the 1408 Madison Avenue homes in which the Schuchmans were residing at the time of the fire.

Further, because "residence premises" is susceptible to more than one reasonable interpretation, *Auto-Owners Ins. Co.*, 614 F.3d at 324 (citing *Nicor, Inc.*, 223 Ill.2d at 416, 860 N.E.2d at 286), the Schuchmans cannot have violated the Special Provisions of the policy by residing in the 1408 Madison Avenue mobile homes. Subsection (c) of the Special Provisions expressly refers to "residence premises," which construed liberally in favor of the insureds, encompasses the mobile homes in which the Schuchmans were residing. Therefore, because "residence premises" includes the 1408 Madison Avenue mobile homes, the Schuchmans were not maintaining a residence other than at the "residence premises" and were not violating the Special Provisions.

Therefore, the Schuchmans are entitled to coverage for the fire damage to the 109 West 14th Street house that occurred on May 23, 2010 under the State Auto policy at issue.

### III.     Conclusion

For the foregoing reasons, we reverse the grant of summary judgment in State Auto's favor. We remand the case to the District Court for entry of judgment in the Schuchmans' favor on Count I and for further proceedings consistent with this opinion with respect to the remaining counts.